## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street, S.W., Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| The Executive Office | ) | |
| Office of the Legal Adviser, Room 5519 | ) | |
| 2201 C Street, NW | ) | |
| Washington, D.C.  20520, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this actions against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission,

Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes

the responses and disseminates its findings and the requested records to the American public to

inform them about "what their government is up to."

4.      Defendant U.S. Department of State is an agency of the United States

Government and is headquartered at 2201 C Street NW, Washington, D.C.  20520.  Defendant

has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On March 4, 2015, Plaintiff submitted a FOIA request to Defendant, by facsimile

and certified mail, seeking access to the following:

> Any and all emails sent or received by former Secretary of State Hillary Rodham
> Clinton in her official capacity as Secretary of State during her tenure as Secretary
> of State.
>
> The timeframe for this request is February 2, 2009 to January 31, 2013.

6.      According to Plaintiff's facsimile transmission report, Defendant received the

FOIA request by facsimile on March 4, 2015 at 1:51 p.m.  The U.S. Postal Service provided

Plaintiff a Domestic Return Receipt signed by Defendant's agent showing that Defendant also

received the request by certified mail on March 16, 2015.

7.      Defendant subsequently acknowledged receipt of the request and assigned the

request Case Control Number F-2015-05056.

8.      On March 6, 2015, Plaintiff submitted a second FOIA request to Defendant, by

facsimile and certified mail, seeking access to the following:

> 1)      Any and all records concerning, regarding, or relating to
>         the production of 55,000 emails by former Secretary of
>         State Hillary Clinton to the U.S. Department of State.
>
> 2)      Any and all communications between employees of the
>         U.S. Department of State and former Secretary Clinton

and/or her representatives concerning, regarding, or relating to emails sent or received by former Secretary Clinton on non-"state.gov" email addresses

The timeframe for this request is June 1, 2014 to the present.

9.      According to Plaintiff's facsimile transmission report, Defendant received the FOIA request by facsimile on March 6, 2015 at 2:16 p.m.  The U.S. Postal Service provided Plaintiff a Domestic Return Receipt signed by Defendant's agent showing that Defendant also received the request by certified mail on March 16, 2015.

10.     Defendant subsequently acknowledged receipt of the request and assigned the request Case Control Number F-2015-05048.

11.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with the request within twenty (20) working days and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

12.     Defendant's determinations regarding Plaintiff's requests were due by April 13, 2015 at the latest.

13.     As of the date of this complaint, Defendant has failed to: (i) determine whether to comply with the requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determinations; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

14.     Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

15.     Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

17.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA requests, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  May 6, 2015                                Respectfully submitted,

                                                    */s/ Chris Fedeli*
                                                    Chris Fedeli
                                                    DC Bar No. 472919
                                                    JUDICIAL WATCH, INC.
                                                    425 Third Street, S.W., Suite 800
                                                    Washington, DC  20024
                                                    Tel: (202) 646-5172
                                                    cfedeli@judicialwatch.org
                                                    *Attorney for Plaintiff*