IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:15-cv-00687-JEB |
| UNITED STATES DEPARTMENT OF STATE, | ) ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF'S STATUS REPORT**

Plaintiff Judicial Watch ("plaintiff" or "Judicial Watch") submits this status report pursuant to the Court's June 13, 2016 Minute Order. This is the seventh joint status report filed in this Freedom of Information Act ("FOIA") lawsuit. There are two (2) FOIA requests at issue in this case: FOIA request tracking number F-2015-05048 and FOIA request tracking number F-2015-05056. The parties are in agreement and prepared to proceed with summary judgment briefing on FOIA request number F-2015-05048. A brief summary and proposed briefing schedule is included below.

With regard to FOIA request number F-2015-05056, however, despite multiple and meaningful attempts to address disputed issues, the parties have been unable to resolve matters on their own. Therefore, the parties agreed to provide separate reports and proposals for the court's consideration and determination of outstanding, disputed issues related to FOIA request F-2015-05056.

**FOIA Request F-2015-0548**

1. The first request, assigned tracking number F-2015-05048 seeks, by agreement of the

parties:

> Any and all records concerning, regarding, or relating to the production of 55,000 emails by former Secretary of State Hillary Clinton to the U.S. Department of State, excluding any court filings, press statements, or other public documents, or drafts thereof.
>
> Any and all communications between employees of the U.S. Department of State and former Secretary Clinton and/or her representatives concerning, regarding, or relating to emails sent or received by former Secretary Clinton on non-"state.gov" email addresses.

The timeframe for this request is June 1, 2014, to the present.  *See* Complaint ¶ 8.

2. On February 4, 2016, State completed its rolling productions of non-exempt records responsive to plaintiff's FOIA request F-2015-05048.  State produced a draft *Vaughn* index on April 8, 2016.  The draft *Vaughn* index encompassed 150 documents that defendant asserts are either fully or partially withheld as exempt from disclosure pursuant to FOIA.

3. Plaintiff reviewed the index and provided defendant with specific challenges on May 10, 2016.  Defendant responded to plaintiff's challenges on June 8, 2016.

4. The parties are prepared to proceed with briefing on the scope of the search for responsive records and validity of documents and information withheld related to plaintiff's FOIA request F-2015-05048.  Given time restraints close to filing this status report, counsel for both parties were unable to coordinate an agreed upon briefing schedule.  Given time restraints close to filing this status report, counsel for both parties were unable to coordinate an agreed upon briefing schedule.  Plaintiff agrees to work with defendant to accommodate scheduling conflicts as necessary over the next week.

### FOIA Request F-2015-05056

5. FOIA request F-2015-05056 seeks "any and all emails sent or received by former

Secretary of State Hillary Rodham Clinton in her official capacity as Secretary of State during her tenure as Secretary of State." *See* Complaint ¶ 5.

6. As agreed by the parties and ordered by the Court, (*see* Aug. 3, 2015 Minute Order; July 2, 2015 Joint Proposed Production Schedule (ECF No. 7)), defendant produced responsive records under the court-ordered production schedule in *Leopold v. U.S. Department of State* (D.D.C. 15-cv-123-RC) (*see Leopold*, Feb. 11, 2016 Order (ECF No. 55), May 27, 2015 Order (ECF No. 17)).

7. The parties have engaged in ongoing discussions in an attempt to narrow the issues for summary judgment related to this FOIA request. There are two disputed issues that remain: 1) the scope of the search necessary to respond to FOIA Request F-2015-05056, and 2) the scope of a *Vaughn* index for withholdings of information asserted as exempt under (b)(5) of FOIA, 5 U.S.C. § 552(b)(5), in the 55,000 pages of responsive documents produced and published pursuant to the *Leopold* schedule. Despite their best efforts, the parties have been unsuccessful in coming to an agreement regarding the second issue, the scope of the *Vaughn* index.

8. Plaintiff proposed that defendant provide a draft *Vaughn* index to try to better assess State's claimed exemptions and possibly narrow the issues that require briefing on summary judgment. Judicial Watch offered to limit the scope of the requested *Vaughn* index to the following: 1) all documents withheld in full, 2) all redactions pursuant to a (b)(4) exemption, 5 U.S.C. § 552(b)(4), and 3) all redactions pursuant to a (b)(5) exemption, 5 U.S.C. § 552(b)(5).

9. Defendant informed plaintiff that there are approximately 40 documents withheld in full, approximately 60 documents in which (b)(4) redactions were made, and approximately 8,450 documents in which (b)(5) redactions were made – totaling approximately 8,550 documents plaintiff seeks to be indexed.

10. Defendant asserts that providing an index containing all (b)(5) redactions would take several years.[1]

11. Defendant instead proposes using a sampling method of every 100th document that contains at least one (b)(5) redaction or having plaintiff select up to 85 (of the approximately 8,450) documents containing (b)(5) redactions in which it is most interested to be included in the draft *Vaughn*.

12. From Judicial Watch's perspective, defendant's proposals[2] are insufficient to adequately serve the public's interest and fulfill its obligations under FOIA. FOIA requires that an agency bear the burden of justifying every document withheld or redacted and a *Vaughn* index is the standard procedure by which agencies justify their withholdings.

13. Only with a full *Vaughn* index of the documents and information being withheld from former Secretary Clinton's emails under the asserted (b)(5) exemption can the purpose of FOIA adequately be served.

14. Courts have permitted the use of a "sampling method" for a *Vaughn* index where there are voluminous documents and the sample employed will be sufficiently representative to satisfy an inquiry into the soundness of the agency's withholdings. *See Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1151 (D.C. Cir. 1991); *Campaign for Responsible Transplantation v. U.S. Food & Drug Admin.*, 219 F.Supp.2d 106, 111 (D.D.C. 2002).

15. However, the exceptional circumstances of this case, the individual nature of each document (which encompass email records from Mrs. Clinton's non-state.gov email address held

---

[1] Defendant estimates that it can provide a draft Vaughn index of the withheld in full documents and the documents containing (b)(4) redactions by September 15, 2016.

[2] As another alternative, defendant informed plaintiff today that it could provide a draft Vaughn of every 50th document by the end of December 2016. Plaintiff feels this still would not adequately represent the information being sought in the public's interest.

on Mrs. Clinton's private server used to conduct official government business), and the impact of the 55,000 pages – including the validity of any withholdings - in numerous ongoing lawsuits warrant more than a mere "sampling" of the documents to allow plaintiff – and the public in general – to make a meaningful assessment of State's justification for the withholdings.

16. FOIA exemption (b)(5) is extremely broad and is exerted for numerous reasons (deliberative process, draft guidance, pre-decisional communications, etc.). Specifically for (b)(5) asserted exemptions, the factual predicate needed to establish the applicability of a particular exemption varies depending on the particular document or information withheld and is governed by D.C. Circuit precedent. As a result, defendant cannot adequately address applicability of the exemption to individual and unique email documents with a "sampling" of only 85 (or even 170) of 8450 documents to meet its burden in justifying the asserted exemptions.

17. Plaintiff finds defendant's contention that it will take years – with no specific timeframe or explanation of the burden – to produce a *Vaughn* index of the (b)(5) withholdings unconvincing. While plaintiff understands that the agency is limited in time and resources, the 55,000 pages of former Secretary Clinton's emails have been – and continue to be - the subject matter of numerous lawsuits since 2014. For the past two and a half years, defendant has engaged in extensive processing and review of these documents. There are over 30 active cases related to these documents. Other FOIA cases have suffered because of defendant's concentrated efforts on these 55,000 pages of documents. Yet, defendant asserts here that it will take an additional *several years* to meet its burden under FOIA in providing justification for withholding from the public information contained in former Secretary Clinton's emails.

18. Providing adequate identification and sufficiently detailed justification for all of the

withheld information is not only necessary for plaintiff, and the court, to review the soundness of the withholdings here, but also greatly impacts the multiple ongoing lawsuits related to these documents. The impact such information may have on the multiple ongoing lawsuits related to these documents alone should negate the adequacy of using any "sampling" method.

19. Plaintiff proposes the Court either:

1) Order defendant to provide a Vaughn index for all withholdings, or

2) Order the parties to brief the issue of a Vaughn index before scheduling dispositive motions in this case.

20. Plaintiff believes a status conference before the Court may be helpful in deciding this issue.

Respectfully submitted,

FOR PLAINTIFF:

/s/ Lauren Burke
CHRIS FEDELI
LAUREN BURKE
Judicial Watch, Inc.
425 Third Street, S.W.
Suite 800
Washington, D.C. 20024
Telephone: (202) 646-5172
E-mail: cfedeli@judicialwatch.org
         lburke@judicialwatch.org
Counsel for Plaintiff

Date: June 24, 2016