# EXHIBIT 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 15-cv-687 (JEB) |
| | § | |
| DEPARTMENT OF STATE, | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF ERIC F. STEIN

Pursuant to 28 U.S.C. § 1746, I, Eric F. Stein, declare and state as follows:

1.     I am the Director of the Office of Information Programs and Services ("IPS") of

the United States Department of State ("Department" or "State") and have served in this capacity

since January 22, 2017.  Previously, I served as the Acting Director since October 16, 2016, and

as the Acting Co-Director since March 21, 2016.  I am the State official immediately responsible

for responding to requests for records under the Freedom of Information Act ( "FOIA"), 5 U.S.C.

§ 552, the Privacy Act of 1974, 5 U.S.C. § 552a, and other records access provisions.  As the

Director of IPS, I have original classification authority and am authorized to classify and

declassify national security information.  Prior to serving in my current capacity, I worked

directly for State's Deputy Assistant Secretary ("DAS") for Global Information Services ("GIS")

and served as a senior advisor and deputy to the DAS on all issues related to GIS offices and

programs, which include IPS.

2.     The core responsibilities of IPS include: (1) responding to records access requests

made by the public (including under the FOIA, the Privacy Act, and the mandatory

declassification review requirements of the Executive Order governing classified national

security information), by members of Congress, and by other government agencies, and those made pursuant to judicial process such as subpoenas, court orders, and discovery requests; (2) records management; (3) privacy protection; (4) national security classification management and declassification review; (5) corporate records archive management; (6) research; (7) operation and management of the Department's library; and (8) technology applications that support these activities.

3.　　　This declaration explains the Department's search for and processing of records responsive to FOIA Request F-2015-05056, as well as the FOIA exemptions applied to documents remaining in dispute.[1] The *Vaughn* Index attached hereto as Exhibit 1 provides a detailed description of the information withheld and justifications for the disputed withholdings.

### I.　　ADMINISTRATIVE PROCESSING OF REQUEST F-2015-05056

4.　　　By facsimile dated March 4, 2015 (Exhibit 2), Judicial Watch ("Plaintiff") submitted a FOIA request to the Department seeking the following information:

> Any and all emails sent or received by former Secretary of State Hillary Rodham Clinton in her official capacity as Secretary of State during her tenure Secretary of State.

> The timeframe for this request is February 2, 2009 to January 31, 2013.

5.　　　By letter dated April 2, 2015 (Exhibit 3), the Department acknowledged receipt of Plaintiff's FOIA request and assigned it Case Control Number F-2015-05056.

6.　　　Between May 22, 2015, and February 25, 2020, the Department processed over 30,000 records responsive to this request.

---

[1] There were originally two FOIA requests at issue in this litigation. On February 21, 2017, this Court granted partial summary judgment to the Department regarding its response to the other request.

*Judicial Watch, Inc. v. U.S. Dep't of State*
No. 1:15-cv-00687
Stein Declaration

7.      By letter dated November 6, 2020, the Department released additional

information to Plaintiff in six disputed documents that had previously been withheld in part. As

a result of this supplemental production, one document was released in full and five documents

were again released in part. In addition, the Department revised the basis for withholding certain

information in two disputed documents.[2] In light of the supplemental production, four of the

documents no longer contain disputed withholdings.

## II.      SEARCH FOR RECORDS RESPONSIVE TO REQUEST F-2015-05056

8.      Former Secretary Clinton exclusively used personal email accounts to conduct

Department business during her tenure as Secretary of State and, therefore, IPS could not task a

Department component to search Secretary Clinton's official email account as it would do in the

ordinary course. Accordingly, the Department determined that a reasonable search for records

responsive to Plaintiff's request would entail processing emails provided to the Department by

Secretary Clinton, as well as emails provided to the Department by the Federal Bureau of

Investigation ("FBI") as a result of its investigation of former Secretary Clinton's use of a private

email server.

### Documents Provided by Former Secretary Clinton in December 2014

9.      On December 5, 2014, former Secretary Clinton provided the Department with

copies of her emails in response to a request from the Department (Exhibit 4) that, if former

Secretaries or their representatives were "aware or [were to] become aware in the future of a

federal record, such as an email sent or received on a personal email account while serving as

Secretary of State, that a copy of this record be made available to the Department." In response,

---

[2] Although the Department dropped Exemption 5 as a basis for withholding certain of the redacted information in
these documents, the same information remains protected by Exemption 6. Plaintiff elected not to challenge these
Exemption 6 withholdings.

former Secretary Clinton informed the Department that she had directed that all emails in her custody on clintonmail.com be reviewed by her counsel to determine if any were federal records (Exhibit 5).  The number of pages provided by former Secretary Clinton was originally estimated as approximately 55,000.  However, once the digitizing process was complete, State was able to provide a more precise count.  Former Secretary Clinton provided 53,988 pages, of which approximately 1,533 were identified, in consultation with the National Archives and Records Administration ("NARA"), as entirely personal correspondence, that is, documents that are not federal records (Exhibit 6), leaving approximately 52,455 pages.

10.     In total, the Department processed 30,696 responsive records (equivalent to approximately 52,455 pages) from this collection, of which 11,702 were released in full, 18,953 were released in part, and 41 were withheld in full.[3]

## Documents Provided by the FBI in 2016

11.     On July 8, 2016, State sent a letter (Exhibit 7) to then-Director James B. Comey asking the FBI to provide to State any additional work-related emails of former Secretary Clinton that the FBI had retrieved during the course of its investigation.  On July 12, 2016, the FBI sent a letter (Exhibit 8) to State indicating that the FBI would be providing to the Department certain information that may include agency records of State.  The letter stated that the FBI would be providing this information to State "for review and determination of record status pursuant to the Federal Records Act and subsequent FOIA processing as appropriate."  The FBI completed the transfer of information to State on August 5, 2016.  Specifically, the FBI provided seven discs containing the collection of documents for the Department's review.  The FBI has advised that it

---

[3] This collection was processed according to a court-ordered production schedule in *Leopold v. Department of State*, 15-cv-123 (D.D.C.).

provided State, for purposes of the Federal Records Act, with copies of emails that it retrieved

from devices or otherwise obtained from sources other than State during the course of the

investigation. The Department determined that six of the discs would be reasonably likely to

contain records responsive to Plaintiff's request.[4]  IPS's Records and Archives Management

Division conducted a review of this material to assess which emails contained evidence of

Department activities and which were entirely personal in nature and therefore not agency

records. NARA reviewed the Department's determinations on all emails assessed to be entirely

personal and therefore not agency records.[5]  As a result of this review, the Department identified

over 36,875 work-related documents (equivalent to over 85,920 pages) for further processing.

12.     In total, after excluding duplicates of the records provided by Secretary Clinton,

duplicates within the collection, and other non-agency record documents, the Department

processed 5,278 records (equivalent to approximately 13,855 pages) from this collection for

---

[4] A general description of the documents contained on each disc is as follows:

- Disc One – Approximately 5,675 work-related documents (equivalent to approximately 17,000 pages) comprised primarily of emails and attachments sent directly to or from former Secretary Clinton or where she appeared somewhere in the email chain. This disc was determined to be most likely to contain responsive records not duplicative of material provided to the Department by former Secretary Clinton.

- Disc Two – Documents expected to be duplicative of the approximately 55,000 pages provided to the Department by Secretary Clinton. A small number of documents on this disc were determined to be work-related and non-duplicative.

- Discs Three, Four, and Five – Approximately 31,200 work-related documents (equivalent to approximately 68,920 pages) comprised of materials from custodians other than former Secretary Clinton that were retrieved during the course of the FBI's investigation.

- Disc Six – Documents that the FBI received from the Unites States Secret Service. The Department determined that this disc would not be reasonably likely to contain records responsive to Plaintiff's request.

- Disc Seven – A small volume of documents containing classified information.

[5] While the Department reviewed the documents provided by the FBI on each of the discs, it did not conduct a records review (i.e., a review to determine whether each document was a record pursuant to the Federal Records Act) of Disc Two because it was expected to be duplicative of the material provided to the Department by former Secretary Clinton. The Department did conduct a records review of the non-duplicative records from this disc. The Department also did not conduct a records review of Disc Seven because the documents on that disc had already been identified as containing classifiable record material.

release through FOIA.  Of the 5,278 records, 1,138 were released in full, 4,110 were released in part, and 30 were withheld in full.

### Documents Provided by the FBI in June 2017

13.     On October 28, 2016, then-FBI Director Comey informed Congress that, in connection with an unrelated case, the FBI had learned of the existence of emails that appeared to be pertinent to the investigation of former Secretary Clinton's personal email server.  On June 15, 2017, the FBI provided the referenced emails to the Department on a disc for the Department to determine whether any of the emails constituted agency records of State.

14.     Following receipt of the disc, IPS's Records and Archives Management Division conducted a review of its contents to assess which emails contained evidence of Department activities and which were entirely personal in nature and therefore not agency records.  NARA reviewed the Department's determinations on all emails assessed to be entirely personal and therefore not agency records, and the Department processed for FOIA all documents that were not validated by NARA as entirely personal.  The disc contained 2,997 work-related emails and 3,864 emails that were personal and not agency records.

15.     After excluding duplicates within the collection, duplicates of documents previously posted to the Department's website in response to FOIA requests, and other non-agency record documents, the Department identified 147 unique agency records.  The Department produced these documents to Judicial Watch in connection with other FOIA requests.

### Documents Processed by the Department in Response to Consultations from the FBI

16.     In addition to processing the aforementioned collections, the Department became aware on two occasions of additional potentially responsive documents that had not been

6

processed in this case.  Specifically, the Department became aware of this situation when the FBI

sent the Department additional documents as part of an inter-agency consultation process in

connection with other FOIA litigation.  Upon reviewing the documents sent by the FBI and

determining that certain records responsive to Plaintiff's request had not yet been processed in

this case, the Department processed the documents for release to Plaintiff.

17.     As a result of this process, the Department produced 24 additional documents to

Plaintiff, releasing 2 documents in full and 22 documents in part.  In particular, the Department

produced 1 document in part on May 14, 2019, produced 2 documents in full and 10 documents

in part on January 8, 2020, and produced 11 documents in part on February 25, 2020.[6]

## EXEMPTIONS CLAIMED

18.     Plaintiff disputes certain of the Department's withholdings in 251 documents

released in part in this case.[7]  As indicated in the *Vaughn* Index, these redactions were made

pursuant to FOIA Exemptions 1, 5, and 7(E), 5 U.S.C. § 552(b)(1), (b)(5), (b)(7)(E).

### FOIA Exemption 1– Classified Information

19.     5 U.S.C. § 552(b)(1) states that the FOIA does not apply to matters that are:

> (A) specifically authorized under criteria established by an
> Executive order to be kept secret in the interest of national defense
> or foreign policy and (B) are in fact properly classified pursuant to
> such Executive order . . . .

---

[6] The Department also produced another document in part on May 14, 2019, and another document in part on January 8, 2020, but has since determined that the documents are not responsive to Plaintiff's request because they pre-date the timeframe specified in the request.

[7] Subsequent to the Department's November 6, 2020, supplemental production, four of the documents originally identified by Plaintiff for challenge (Documents C05780537, C05782464, C06859703, and C05791052) no longer contain disputed withholdings.  In addition, upon further review, the Department determined that two of the documents identified by Plaintiff for challenge (Documents C06135297 and C06859801) are not responsive to Plaintiff's request because they pre-date the timeframe specified in the request.  These documents are not described in the *Vaughn* Index.

20.     The Department withheld information in three documents, as described in further

detail in the *Vaughn* Index, pursuant to Exemption 1, 5 U.S.C. § 552(b)(1).

21.     Based upon my personal review of these documents and information furnished to

me in the course of my official duties, I have determined that the information withheld under

Exemption 1 continues to meet the classification criteria of Executive Order 13,526 and that the

Department has not previously authorized or officially acknowledged public release of this

information.

22.     For information to be properly classified and withheld from disclosure pursuant to

Exemption 1, the information must meet all of the following requirements set forth in Section

1.1(a) of E.O. 13,526:

> (1)     an original classification authority is classifying the
> information;
>
> (2)     the information is owned by, produced by or for, or is under
> the control of the United States Government;
>
> (3)     the information falls within one or more of the categories
> listed in section 1.4 of [E.O. 13,526]; and
>
> (4)     the original classification authority determines that the
> unauthorized disclosure of the information reasonably could be
> expected to result in damage to the national security, which includes
> defense against transnational terrorism, and the original
> classification authority is able to identify or describe the damage.

23.     The portions of these documents withheld pursuant to Exemption 1 reflect

information classified at the CONFIDENTIAL level.  Section 1.2 of Executive Order 13526

states:

> "Confidential" shall be applied to information, the unauthorized
> disclosure of which reasonably could be expected to cause damage
> to the national security that the original classification authority is
> able to identify or describe.

24.     Section 6.1(l) of Executive Order 13526 defines "damage to the national security"

as follows:

> "Damage to the national security" means harm to the national
> defense or foreign relations of the United States from the
> unauthorized disclosure of information, taking into consideration
> such aspects of the information as the sensitivity, value, utility, and
> provenance of that information.

25.     Information withheld in this case under Exemption 1 is properly classified

pursuant to Sections 1.4(b) and (d) of Executive Order 13,526.  Section 1.4 provides:

> Information shall not be considered for classification unless . . . it
> pertains to one or more of the following: . . . (b) foreign government
> information; . . . (d) foreign relations or foreign activities of the
> United States, including confidential sources . . . .

### Section 1.4(b) – Foreign Government Information

26.     Section 6.1(s) of E.O. 13,526 defines "foreign government information" as

follows:

> (s) "Foreign government information" means:
>
> (1) information provided to the United States Government by a
> foreign government or governments, an international organization
> of governments, or any element thereof, with the expectation that
> the information, the source of the information, or both, are to be held
> in confidence;
>
> (2) information produced by the United States Government pursuant
> to or as a result of a joint arrangement with a foreign government or
> governments, or an international organization of governments, or
> any element thereof, requiring that the information, the
> arrangement, or both, are to be held in confidence . . . .

27.     Section 1.1(d) of E.O. 13,526 states:

> The unauthorized disclosure of foreign government information is
> presumed to cause damage to the national security.

28.     The ability to obtain information from foreign governments is essential to the

formulation and successful implementation of U.S. foreign policy.  Release of foreign

9

government information provided in confidence, either voluntarily by the Department or by

order of a court, would cause foreign officials to believe that U.S. officials are not able or willing

to observe the confidentiality expected in such interchanges.  Governments could reasonably be

expected to be less willing in the future to furnish information important to the conduct of U.S.

foreign relations, and in general less disposed to cooperate with the United States in the

achievement of foreign policy objectives of common interest.  In view of the important

relationship between the United States and the foreign governments identified in the responsive

documents, protecting foreign government information, and in some cases even the fact that

information has been provided, is important to our relationship and conduct of foreign relations.

Foreign government information withheld in this case is currently and properly classified

pursuant to Section 1.4(b) of E.O. 13,526.

### Section 1.4(d) – Foreign Relations or Foreign Activities of the United States

29.     Confidentiality is a vital aspect of successful foreign relations.  This includes the

confidentiality of diplomatic exchanges and information about the nature of other countries'

engagement with the United States, when undertaken with the expectation of confidentiality.  It

also includes the ability of U.S. Government officials to engage in non-public evaluations of the

United States' relationships with specific countries and leaders, without fear that the information

could become public and cause damage to those very relationships.  Mutual trust between

governments in this realm is crucial to U.S. foreign relations.  The inability of the United States

to maintain confidentiality in its diplomatic exchanges would inevitably chill relations with other

governments, and could reasonably be expected to damage U.S. national security by diminishing

our access to important sources of information.  Internally within the U.S. Government, it is

likewise essential that the Department be able to provide policymakers with candid assessments

of the various nations and entities with which the United States conducts foreign relations.

Disclosure of the Department's internal assessments of bilateral and multilateral relations could

reasonably be expected to damage the mutual trust upon which successful foreign relations

depends.

30.     Some of the information withheld pursuant to Exemption 1 in this case is

classified under Section 1.4(d) of E.O. 13,526. This information concerns both confidential

sources and sensitive aspects of U.S. foreign relations, including, in particular, issues related to

identifying potential threats to U.S. national security and addressing developing matters in

important regions. Release of this classified information has the potential to inject friction into,

or cause damage to, a number of our bilateral and multilateral relationships with countries and

entities whose cooperation is important to U.S. national security, including some in which public

opinion might not currently favor close cooperation with the United States. Moreover, failure to

preserve the expected confidentiality could jeopardize future access not only to the sources of the

withheld information, but also to others who might provide sensitive information to U.S. officials

that is important to U.S. national security interests. For these reasons, the Department withheld

certain information in this case that is currently and properly classified pursuant to Section 1.4(d)

of E.O. 13,526.

31.     In my role as an original classification authority, I have determined that the

information withheld pursuant to Exemption 1 is under the control of the United States

Government, falls within one or more sections of E.O. 13,526, and requires classification at the

CONFIDENTIAL level because its unauthorized disclosure reasonably could be expected to

cause damage to the national security. Section 1.7(d) of E.O. 13,526 contemplates that in certain

situations decisions to classify or reclassify information may be made after the information has

been requested under the FOIA. In this case, pursuant to the provisions of Section 1.7(d), the Department properly classified as CONFIDENTIAL certain information in three documents that was originally UNCLASSIFIED. The particular dates on which these classification actions were taken, and the particular reasons for the actions, are noted in the *Vaughn* Index.

32.    For the foregoing reasons, the information in three documents is exempt from release under Exemption 1.

### FOIA Exemption 5 – Litigation Privileges

33.    5 U.S.C. § 552(b)(5), states that the FOIA exempts from disclosure:

> inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency . . . .

34.    Exemption 5, 5 U.S.C. § 552(b)(5), protects from disclosure information that is normally privileged in the civil discovery context, including information that is protected by the deliberative process privilege and the presidential communications privilege.

35.    In this case, the Department withheld information in 247 documents under Exemption 5 pursuant to the deliberative process privilege and/or the presidential communications privilege.

### Deliberative Process Privilege

36.    The deliberative process privilege protects the confidentiality of candid views and advice of U.S. Government officials in their internal deliberations related to policy formulation and administrative direction. Disclosure of information that is pre-decisional and deliberative, and that may contain selected factual material intertwined with opinion, would inhibit candid internal discussions and the expression of recommendations and judgments regarding preferred courses of action by Department and other U.S. Government personnel. Release of such

information could reasonably be expected to chill the open and frank exchange of comments and opinions that occurs between government officials, as well as between government officials and their consultants. As a result, disclosure of this information would severely hamper the ability of responsible Department officials to formulate and carry out executive branch programs.

37. The Department withheld information in 246 records under Exemption 5 pursuant to the deliberative process privilege. This withheld information, which is described on a document-by-document basis in the *Vaughn* Index, generally includes three categories: (1) deliberative discussions about personnel appointments; (2) deliberative documents, including drafts and recommended talking points, as well as discussions about those drafts; (3) deliberative discussions about foreign policy matters.

      a. <u>Deliberative Discussions about Personnel Appointments</u>: This material is pre-decisional because it consists of recommendations, assessments, and evaluations before any official government personnel action had been taken. The material is deliberative because the documents represent a back-and-forth discussion on the substance of those recommendations and assessments. Release of these personal opinions and recommendations, as well as the former Secretary's responses, could reasonably be expected to have a chilling effect on the open and frank exchange of ideas, recommendations, and opinions that occurs when U.S. Government officials are considering personnel appointments and staffing decisions. Further, release of this information could discourage government officials from exchanging candid comments regarding the qualifications and assessments of potential candidates.

13

b. Drafts and Recommended Talking Points: Draft documents and discussions about draft documents were withheld as pre-decisional and deliberative, and contain selected factual material intertwined with opinion. The withheld information reflects the internal exchange of ideas and recommendations when Department officials are formulating a final position regarding the content of the final document. Further, disclosure of preliminary information and discussions could lead to misinterpretation of State's positions and public confusion regarding reasons and rationales that may not ultimately be adopted. Disclosure of such information would also inhibit candid internal discussions and the expression of recommendations regarding proposed courses of action by Department personnel. Additionally, disclosure of recommended talking points and discussions about those documents would significantly hamper the ability of agency personnel to candidly advise and prepare senior officials in advance of discussions with foreign leaders and Members of Congress. Agency personnel would not feel comfortable requesting or providing candid advice, for fear that such advice could be released to the public and potentially contradict or undermine a senior official's actual remarks. The chilling effect would substantially undermine the quality of State's decision-making process as it prepares senior officials for important engagements.

c. Deliberative Discussions about Foreign Policy Matters: The Department withheld information relating to pre-decisional agency deliberations about a wide variety of foreign policy matters. This information is pre-decisional and deliberative with respect to a final decision and could reasonably be expected to chill the open and

frank exchange of ideas and recommendations that occur when State officials are formulating a strategy for official action on foreign policy matters. Department officials would be unable to candidly discuss diplomatic and foreign policy matters if they believed the content of those discussions—such as evaluating particular foreign policy situations, weighing various considerations, and making recommendations regarding suggested courses of action—would later be released to the public. Additionally, public release of these pre-decisional discussions could reasonably be expected to cause confusion regarding the actual position of the United States on foreign policy issues.

38.     As to all of the information withheld under Exemption 5 pursuant to the deliberative process privilege, I have determined that the information is pre-decisional and deliberative, and that its release would chill the U.S. Government's deliberative processes. Accordingly, it is protected by Exemption 5 pursuant to the deliberative process privilege.

### Presidential Communications Privilege

39.     As detailed in the *Vaughn* Index, the Department withheld information in three records under Exemption 5 pursuant to the presidential communications privilege. The presidential communications privilege protects communications between close presidential advisers preparing information or advice for potential presentation to the President. The privilege applies to communications authored by or solicited and received by senior presidential advisers and staff with broad and significant responsibility for gathering information in the course of preparing advice for the President in matters that implicate the President's decisions concerning foreign policy or national security concerns.

40.     In two documents, information withheld pursuant to the presidential communications privilege reflects the subject of meetings held for purposes of advising the President on foreign policy matters, including proposed talking points for Secretary Clinton's use in one of the meetings.  In the third document, the Department withheld details about an interagency meeting to be attended by the President, including details about the planned participants.  Release of this information would reveal the process by which the President receives national security advice from close advisers, and would reveal information about the advice itself.  For these reasons, the withheld information is exempt from release under Exemption 5 pursuant to the presidential communications privilege.

### FOIA Exemption 7 – Law Enforcement Information

41.     5 U.S.C. § 552(b)(7), states in relevant part that the FOIA does not apply to

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (E) would disclose techniques and procedures for law enforcement investigations or prosecution, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law…

42.     The Department withheld information in eight documents provided by the FBI to State, as described in the attached *Vaughn* Index, pursuant to Exemption 7(E), 5 U.S.C. § 552(b)(7)(E).  This information consists of metadata associated with emails sent to or from official Department email addresses.  The metadata appears at the bottom of each document after the end of the substantive content of the emails.

43.     The law to be enforced for Exemption 7 purposes includes administrative, regulatory, civil, and criminal law.  Records pertaining to routine agency activities can qualify for Exemption 7 protection when those activities involve a law enforcement purpose.  Although

the records must be created for some law enforcement purpose, there is no requirement that the matter culminate in actual administrative, regulatory, civil, or criminal enforcement proceedings. In this case, the harm that could reasonably be expected to result from disclosure concerns revealing sensitive law enforcement techniques and procedures.

44.    Before an agency can invoke any of the harms enumerated in Exemption 7, it must first demonstrate that the records or information at issue were compiled for law enforcement purposes.  The Department has conferred with the FBI, and I understand that the FBI recovered work-related emails sent to or from Secretary Clinton during its investigation of Secretary Clinton's use of a private server.  I further understand that, in the course of its investigation, the FBI extracted email content from various locations, which often resulted in the extraction of associated metadata fields that then populated at the bottom of the email. Accordingly, the information withheld in these documents was compiled for law enforcement purposes.

45.    Exemption (7)(E) requires that the agency demonstrate logically how the release of the requested information might create a risk of circumvention of the law.  The agency need not demonstrate an actual or certain risk of circumvention, but rather a reasonably expected risk. The two metadata fields that the Department withheld in this case ("Message Submission ID" and "Internet Message ID") reflect information about the Department's computer networks and internet routing pathways, as well as the manner in which the Department has chosen to structure and protect its computer networks.  In consultation with the Department's Bureau of Diplomatic Security,[8] I have determined that release of this information could provide malicious actors with

---

[8] The Bureau of Diplomatic Security ("DS") is the law enforcement arm of State and is responsible for providing a safe and secure environment for the conduct of U.S. foreign policy.  DS has a broad scope of global responsibilities,

insight into how to circumvent Department computer network security, rendering the Department's systems vulnerable and weakening the Department's effectiveness in combatting potential hackers and cyberattacks. Release of this information would therefore jeopardize computer network security vital to protecting the Department's ability to conduct foreign relations.

46.    Because disclosure of this information would impede the Department's ability to safeguard its computer networks and would potentially aid in circumvention of the Department's security techniques if disclosed, the information is exempt under Exemption 7(E).

### CONCLUSION

47.    In summary, the Department processed over 30,000 responsive records in this case, 251 of which contain redactions that remain in dispute. The Department conducted a careful, line-by-line review of each document described in the *Vaughn* Index and segregated and released all reasonably segregable, non-exempt information. Otherwise, the Department determined that no segregation of meaningful information in the documents could be made without disclosing information warranting protection under the law.

\*\*\*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this _6th_ day of November 2020, Washington, D.C.

---

with protection of people, information, and property as its top priority. This mission includes the protection of the Department's computer networks and information systems.

*Judicial Watch, Inc. v. U.S. Dep't of State*
No. 1:15-cv-00687
Stein Declaration

Eric F. Stein

# Exhibit 1

## *Vaughn* Index

### *Judicial Watch v. Department of State* (No. 15-cv-00687)

## FOIA Request F-2015-05056[1]

| Document | Document Type | Page Number | Date | Sender(s)/Recipient(s) | Release Decision | Exemption(s) |
|---|---|---|---|---|---|---|
| C05760713 | Email | 1 | 10/18/2009 | Department of State ("DOS") officials | Release in Part ("RIP") | (b)(5) Deliberative Process Privilege ("DPP") |
| **DESCRIPTION:** The Department of State ("Department") withheld a Department official's analysis of a news article and an opinion derived from that analysis regarding how the Department should address public messaging about policy concerning Afghanistan and Pakistan. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's public messaging on sensitive policy matters. Disclosure of this information would chill the exchange of information necessary to the Department's comprehensive and accurate engagement with the public on foreign policy matters of interest. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
| C05764391 | Email | 1 | 10/19-10/20/2009 | DOS officials | RIP | (b)(5) DPP |
| **DESCRIPTION:** The Department withheld information regarding proposed anticipated changes to planned outreach by the U.S. Government to a foreign government official, including an alternative option for the event. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to a communication with a foreign government official. Disclosure of this information would chill the exchange of information necessary to prepare effective communications with foreign governments. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |

---

[1] In this *Vaughn* Index, the Department of State has identified and described only those exemptions and bases for withholding that Plaintiff has elected to dispute. Some documents in the *Vaughn* Index contain information withheld pursuant to other exemptions or other bases that are not in dispute, and those exemptions and bases are not described in the Index.

*Judicial Watch v. Dep't of State*
15-cv-687
*Vaughn* Index

| C05765164 | Email | 1 | 11/5/2009 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a detailed description of U.S. Government officials' revisions to a memorandum regarding the Middle East, a Department official's proposals regarding related issues to consider, and the Department official's recommendation to former Secretary Clinton about points to raise at a planned interagency meeting. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department and U.S. Government's positions on policy matters in the Middle East. Disclosure of this information would chill the exchange of information necessary to the U.S. Government's development of well-informed foreign policy in a sensitive region. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05766381 | Email | 1 | 12/21/2009 | | RIP | |
|---|---|---|---|---|---|---|
| C05766380 | Email | 1 | 12/21/2009 | DOS officials | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05766380 is subsumed in Document C05766381. In each of these documents, the Department withheld information about deliberations regarding the Department's budget, including details about discussions with the Office of Management and Budget, proposed actions, a Department official's assessment of that proposal, prioritization of certain issues, and requested follow-on action. In Document C05766381, the Department also withheld information about the interagency, deliberative process of developing a budget proposal, as well as proposed or anticipated dollar amounts. This information is pre-decisional and deliberative with respect to the Department's budget proposal. Disclosure of this information would chill the exchange of information within the Executive Branch necessary to developing a unified position on important budgetary issues. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05767896 | Email | 1 | 3/3/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld proposed talking points for potential use in engaging with members of Congress regarding the Department's views on a legislative action under consideration. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's communications to Congress on a sensitive matter. Disclosure of this information would chill the exchange of information within the Executive Branch necessary to providing comprehensive input on significant potential legislative actions. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05767923 | Email | 1 | 1/14/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld Department officials' recommendations regarding Secretary Clinton's and the U.S. Government's engagement with Haiti, as well as details of potential engagement under consideration by the U.S. Government and analysis of those potential actions. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to U.S. Government officials' engagement with Haiti. Disclosure of this information would chill the exchange of information necessary to the developing strategy for outreach to foreign governments on issues of importance to the U.S. Government. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768053 | Email | 1 | 4/2/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's recommendation regarding how Secretary Clinton should publicly address a sensitive foreign policy matter regarding Afghanistan. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's public position on U.S. policy toward Afghanistan. Disclosure of this information would chill the exchange of information necessary for the Department to compile comprehensive and accurate information for delivery to the public on sensitive foreign policy matters. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768058 | Email | 1 | 4/2/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's recommendation regarding talking points for potential use by Secretary Clinton on a call with a foreign government official regarding a development in Afghanistan, as well as the text of a proposed talking point. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the content of Secretary Clinton's message on a call to a foreign leader. Disclosure of this information would chill the exchange of information necessary for the Department to prepare for communications with foreign governments on sensitive issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768084 | Email | 2 | 4/3/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's detailed assessment of the interagency approach to policy in South Asia, including his critique, opinions, and recommendations for improvement and follow-up action, as well as proposed talking points for engagement by senior Department officials. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's approach to policy in a sensitive region. Disclosure of this information would chill the exchange of experts' recommendations and ideas for policy solutions in important regions. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768157 | Email | 1 | 3/18/2010 | | | RIP | |
|---|---|---|---|---|---|---|---|
| C05775035 | Email | 1 | 3/18-3/19/2010 | DOS officials | | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05768157 is subsumed in Document C05775035. In each of these documents, the Department withheld points conveyed by a Department official for Secretary Clinton's consideration in developing policy vis-à-vis Israel. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to U.S. policy toward Israel. Disclosure of this information would chill the exchange of information necessary to the U.S. Government's development of well-informed foreign policy. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768465 | Email | 1 | 3/21/2010 | | | RIP | |
|---|---|---|---|---|---|---|---|
| C05768461 | Email | 1 | 3/21/2010 | DOS officials | | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05768461 is subsumed in Document C05768465. In each of these documents, the Department withheld a Department official's recommendations regarding Secretary Clinton's interagency engagement on Israel-related policy, including suggested points for Secretary Clinton to convey. In

3

Document C05768465, the Department withheld Secretary Clinton's opinions regarding the Department official's recommendations. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Secretary Clinton's engagement with the interagency and U.S. policy toward Israel. Disclosure of this information would chill the exchange of information necessary to the U.S. Government's development of well-informed foreign policy. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768576 | Email | 1 | 3/11/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's recommendations regarding possible responses to an ongoing issue in the Middle East under Exemption 5 pursuant to the deliberative process privilege. The document recommends specific actions and evaluates the pros and cons of those actions. This information is pre-decisional and deliberative with respect to the Department's response to a sensitive issue in the Middle East. Disclosure of this information would chill the exchange of experts' views and recommendations regarding policy in an important region. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768625 | Email | 1 | 3/22/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about Secretary Clinton's possible participation in an event, including factors to consider in evaluating whether or not the Secretary would attend. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to Secretary Clinton's possible participation in the event. Disclosure of this information would chill the Department's deliberations about how it should publicly engage on foreign policy matters. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768641 | Email | 1 | 5/1/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department adviser's analysis of Secretary Clinton's proposed foreign policy framework and recommendations about how to proceed implementing the strategy, including recommendations about how to engage with other components of the Executive Branch and suggestions about how to structure the U.S. Government's foreign policy apparatus. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the foreign policy framework supported by the Department and the Department's engagement with the interagency. Release of this information would chill the exchange of ideas and recommendations necessary to developing effective policymaking. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768717 | Email | 1 | 4/25/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's opinion regarding a draft of the National Security Strategy document for Secretary Clinton's review, including with respect to interagency structure and opinion of positions taken by Secretary Clinton and the U.S. Government. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to Secretary Clinton's engagement with the interagency and the National Security Strategy.  Release of this information would chill the exchange of ideas and recommendations necessary to developing effective policymaking. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768896 | Email | 1 | 3/21/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld Secretary Clinton's question and recommendation about a draft letter proposed to be sent to a foreign government official, as well as another Department official's update on the status of the draft letter within the Department and his recommendation regarding its delivery after Secretary Clinton finalized it. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to a communication to foreign government official. Disclosure of this information would chill the exchange of information necessary to the U.S. Government's development of well-informed foreign policy. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768904 | Email | 1 | 3/25/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion between Department officials about an upcoming interagency meeting, including a question about topics to be discussed at the meeting, a Department official's suggestions of issues to cover, and recommended actions for Secretary Clinton to take on several different foreign policy issues. The suggested issues reflect the Department official's opinions and recommendations on such matters. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to topics to be covered at an interagency meeting and the U.S. Government's position on particular policy matters. Disclosure of this information would chill the exchange of information necessary to the U.S. Government's development of well-informed foreign policy. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768948 | Email | 1 | 3/25/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's recommendation regarding how to address an issue concerning Richard Holbrooke and an appraisal of his performance, as well as an issue related to the organization of the Department and potential reforms. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's position regarding these issues. Disclosure of this information would chill the exchange of information necessary to the U.S. Government's development of effective foreign policy. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05776677 | Email | 1 | 6/20/2010 | | RIP | |
|---|---|---|---|---|---|---|
| C05769097 | Email | 1 | 6/20/2010 | DOS officials | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05769097 is subsumed in Document C05776677. In each document, the Department withheld information about a developing public statement on a matter in Central Asia, as well as proposals and recommendations regarding related public statements. The Department also withheld information about developing statements on a matter concerning Iran and a recommended course of action. In Document C05776677, the Department also withheld a recommendation from Secretary Clinton regarding the content of the statements. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's public statements on sensitive foreign policy matters. Disclosure of this information would chill the exchange of information necessary to the U.S. Government's development of well-informed foreign policy. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05769267 | Email | 2 | 5/4/2010 | DOS, USAID officials | RIP | (b)(5) DPP |
|-----------|-------|---|----------|----------------------|-----|------------|

**DESCRIPTION:** The Department withheld a USAID official's notes from calls with officials at the American Red Cross, which are comprised of selected facts compiled to inform the Executive Branch's decision-making on assistance to Haiti following the 2010 earthquake. The Department also withheld a U.S. government official's recommendation about how to further engage with Red Cross on Haiti relief efforts. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's engagement with partners regarding assistance to Haiti. Disclosure of this information would chill the exchange of information necessary to the U.S. Government's development of well-informed foreign policy. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05769645 | Email | 1 | 6/4/2010 |               | RIP |            |
|-----------|-------|---|----------|---------------|-----|------------|
| C05775067 | Email | 1 | 6/4/2010 |               | RIP |            |
| C05775070 | Email | 1 | 6/4/2010 |               | RIP |            |
| C05775069 | Email | 1 | 6/4/2010 | DOS officials | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05769645 is subsumed in Documents C05775067 and C05775070. Document C05775069 contains the same initial email as the other documents but contains a unique top email. In each of these documents, the Department withheld discussion about a proposed call with a foreign government official in East Asia, including information about the possible call participants and time of the call. In Document C05775070, the Department also withheld information about potential calls with officials from other countries in the Middle East and Africa, including the Secretary's discussions about who from the United States Government would participate in those calls. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to U.S. Government communications with foreign governments. Disclosure of this information would chill the exchange of information necessary to the U.S. Government's development of well-informed foreign policy. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05769798 | Email | 1 | 6/8/2010 | DOS officials | RIP | (b)(5)  DPP |
|-----------|-------|---|----------|---------------|-----|-------------|

**DESCRIPTION:** The Department withheld a readout of a meeting between senior administration officials, including selected facts that reflect several then-developing, wide-ranging policy matters and the opinions and recommendations of multiple U.S. Government officials and/or components on matters pertaining to personnel appointments, pending litigation, public communications, and foreign policy. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's positions on the issues proposed for discussion. Its disclosure would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05769827 | Email | 1 | 2/10/2010 |               | RIP |            |
|-----------|-------|---|-----------|---------------|-----|------------|
| C05773849 | Email | 1 | 2/10/2010 | DOS officials | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05769827 is subsumed in Document C05773849. In each of these documents, the Department withheld information about a prospective meeting between Secretary Clinton and a U.S. Government official. The withheld information includes a Department official's proposed topics to cover, analysis of those topics, and recommendations regarding how to proceed. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to topics to be covered at an interagency meeting and the U.S.

Government's position on those topics. Disclosure of this information would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05770060 | Email | | 1 | 6/19/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information regarding U.S. Government's ongoing engagement with partners on Israeli-Palestinian issues. The withheld information includes the goal of engagement with a particular partner, possible courses of action with other partners, and potential follow-up action contingent upon other events. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's engagement with partners on a sensitive foreign policy matter. Its disclosure would harm the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05770124 | Email | | 1 | 6/29/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about a proposal concerning U.S. foreign policy vis-à-vis Afghanistan, including the details of the proposal under consideration by the Department, a Department official's assessment of the proposal, and her recommendations about how to proceed. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's policies vis-à-vis Afghanistan. Its disclosure would harm the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05770271 | Email | | 1 | 8/5/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about proposed action to address the detention of an individual in North Korea. The withheld information includes details of a possible event and contingency plans pending the event's confirmation. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's efforts to address the individual's detention. Its disclosure would harm the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05770383 | Email | | 2 | 8/8-8/9/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's recommendations regarding how the Department should respond to particular action by former Venezuelan President Hugo Chavez. The withheld information consists of an assessment of U.S.-Venezuela engagement, three recommendations concerning future engagement, and recommendations regarding Department officials to involve in such engagement. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's response to actions by President Chavez and broader policy toward Venezuela. Its disclosure would harm the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05770402 | Email | 1 | 5/13/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's recommendations regarding the U.S. Government's policy toward the Human Rights Foundation, as well as information reflecting the Treasury Department's position on the matter, including recommended funding levels. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's policy toward the HRF. Its disclosure would harm the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05770431 | Email | 1 | 5/13/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a readout of a call between a Department official and another a U.S. Government official regarding the draft of an interagency memorandum. The withheld information includes the officials' opinions and recommendations concerning the memo, issues identified for further discussion, a description of potential follow-up action contingent upon certain events, and the Department official's assessment of the call. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the development of a memo on a significant matter. Its disclosure would harm the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05770488 | Email | 1 | 7/16/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about a proposed personnel action, input from other U.S. Government officials regarding the proposed action, details of potential follow-up action, and a Department official's recommendations about how Secretary Clinton should respond to questions about the matter. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's action on a personnel issue. Its disclosure would harm the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05770755 | Email | 1 | 5/27/2010 | | | RIP | |
|---|---|---|---|---|---|---|---|
| C05776025 | Email | 1 | 5/27/2010 | DOS officials | | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05770755 is subsumed in Document C05776025. In each document, the Department withheld details about a proposed meeting between a U.S. Government official and a foreign leader in Africa, including information about recommended follow-up action, under Exemption 5 pursuant to the deliberative process privilege. In Document C05776025, the Department also withheld Secretary Clinton's recommendations regarding a possible alternative to the proposed meeting. This information is pre-decisional and deliberative with respect to the meeting and communications with a foreign leader. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05770775 | Email | 2 | 7/28/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a call sheet for a potential call with a foreign government official. The withheld information includes the identity of the foreign government official, the objective of the call, proposed talking points for potential use on the call, and proposed responses to hypothetical "If Raised" questions. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to communications with a foreign leader. Its release would chill the Department's deliberative processes. The Department conducted a

*Judicial Watch v. Dep't of State*
15-cv-687
*Vaughn* Index

| | | | | | | |
|---|---|---|---|---|---|---|
| thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
| C05771630 | Email | 1 | 9/19/2010 | DOS officials | RIP | (b)(5) DPP |
| DESCRIPTION: The Department withheld planned tasks arising out of an interagency call regarding the Middle East. The withheld information reflects U.S. Government objectives, potential initiatives, and U.S. Government officials' assessments of particular issues or activities. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to U.S. Government activities concerning a sensitive policy matter. Its release would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
| C05771697 | Email | 1 | 9/20/2010 | DOS officials | RIP | (b)(5) DPP |
| DESCRIPTION: The Department withheld an email conveying an update from an interaction with a foreign leader in the Middle East. The withheld information includes a U.S. Government official's opinions and assessment of a meeting with a foreign leader, a summary of U.S. priorities with respect to the foreign leader, and a recommendation for how to proceed based on that information. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. The information is pre-decisional and deliberative with respect to U.S. policy in a sensitive region.  Release of the information would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
| C05771701 | Email | 1 | 9/20/2010 | DOS officials | RIP | (b)(5) DPP |
| DESCRIPTION: The Department withheld proposed talking points regarding a policy matter in the Middle East for Secretary Clinton's potential use with foreign government officials and other individuals. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the communications made by the Department to a foreign government, and its disclosure would harm the U.S. government's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
| C05772017 | Email | 1 | 12/17/2010 | DOS officials | RIP | (b)(5) DPP |
| DESCRIPTION: The Department withheld a readout of a discussion between a Department official and another U.S. Government official, including recommendations by the non-Department official, an update of the Executive Branch's engagement with Congress on a developing issue, and an update on an issue related to Afghanistan and Pakistan that was slated for further discussion with the Secretary. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's actions on a number of policy matters. Its disclosure would harm the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
| C05772432 | Email | 1 | 9/23/2010 | | RIP | |
| C05779371 | Email | 1 | 9/23/2010 | DOS officials | RIP | (b)(5) DPP |
| DESCRIPTION: Document C05772432 is subsumed in Document C05779371. In each of these documents, the Department withheld an update on ongoing meetings between U.S. Government officials and a foreign government official. The withheld information includes a Department official's recommendations | | | | | | |

*Judicial Watch v. Dep't of State*
15-cv-687
*Vaughn* Index

regarding proposed actions related to the meetings, as well as a description of planned next steps. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's engagement with foreign interlocutors on a sensitive issue and planned next-steps. Its disclosure would harm the Executive Branch's deliberative processes. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05772692 | Email | | 2 | 1/17/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld an email discussion of the proposed structure of the U.S. Government's foreign policy apparatus. The withheld information consists of details from a draft memorandum, as well as recommendations and opinions of Department officials, including Secretary Clinton. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's position on issues related to the structure of the U.S. Government's foreign policy apparatus. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05772764 | Email | | 1 | 6/15/2012 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information reflecting the development of the Department's position regarding the content of the U.S. Government's statements regarding Pakistan, including suggested language for inclusion in the statement. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's statements regarding Pakistan. Its disclosure would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05772842 | Email | | 1 | 11/7/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about a senior U.S. Government official's priorities and recommendations regarding the Executive Branch's strategy for engagement with Congress on a particular foreign policy matter. The withheld information includes details about suggested strategies and planned next steps. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the development of a strategy regarding Congressional engagement and execution of that strategy, and its disclosure would harm the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05773773 | Email | | 1 | 6/22/2012 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about an ongoing issue regarding Colombia, which was provided by a Department official to other Department officials in the context of continuing efforts to address the incident. The document contains an assessment of the incident by a Department official and proposes future actions to engage Colombian officials. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to the Department's efforts to address the issue. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05767136 | | | | | | RIP | |
| C05773903 | Email | 1 | 2/12/2010 | DOS officials | | | (b)(5) DPP |

**DESCRIPTION:** C0576713 is subsumed in C05773903. In C05773903, the Department withheld information about proposed outreach by a U.S. Government official to a foreign leader, including information reflecting U.S. Government officials' questions, opinions and recommendations regarding the outreach. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. It is pre-decisional and deliberative with respect to the agenda for the meeting and U.S. policy on sensitive matters in South Asia. Disclosure of the information would chill the exchange of ideas and recommendations required to develop effective outreach strategy to foreign governments. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05774257 | Draft Report | 16 | Undated | USG officials | | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld a draft report to Congress, which was required by the 2009 National Defense Authorization Act. The draft report includes a "DRAFT" watermark. The draft is an attachment to C05774256. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the final report, and its disclosure would harm the U.S. Government's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05774687 | Email | 1 | 4/4/2010 | DOS officials | | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld discussion of an ongoing matter regarding Pakistan, including a question from Secretary Clinton, a response from Department official that reflects a preliminary plan for action, and Secretary Clinton's recommendations for how to proceed, including a summary of deliberations she had with another official regarding the status of a policy matter under consideration. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to U.S. Government activities pertaining to Pakistan and its release would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05774732 | Email | 1 | 4/6/2010 | DOS officials | | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld discussion of a possible meeting between U.S. Government officials and officials from Ukraine, including tentative details about the meeting, a Department official's recommendations regarding the meeting and related issues, and a follow-up question from Secretary Clinton. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the possible meeting and the U.S. Government's policies concerning Ukraine. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05775050 | Email | 1 | 6/3/2010 | DOS officials | | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld Secretary Clinton's question about a news report regarding a planned event involving a U.S. Government official, a recommendation regarding the event, and a follow-up question pertaining to the recommendation. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the potential event. Release of the information would

chill the Department's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05775074 | Draft Letter | 2 | Undated | USG Officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a draft letter to a foreign leader thanking the leader for his position on a particular issue and explaining the U.S. Government's position on the same issue. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the final letter. Release of this information would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05775123 | Email | 1 | 9/26/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a discussion of U.S. policy towards Israel, including recommendations and opinions from U.S. Government officials and anticipated reactions from the Israeli government. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to U.S. policy towards Israel. Its release would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05775478 | Email | 2 | 10/27/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a draft list containing recommendations of countries with which to engage on a development issue, including assessments of each country, as well as a Department official's opinion regarding a particular country on the list. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the list of countries with which to engage, as well as U.S. development policy. Release of this information would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05775587 | Email | 1 | 7/19/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld Secretary Clinton's opinions and recommendations pertaining to a draft of a U.S. intervention in an international organization. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the content of the U.S. intervention. Its release would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05775670 | Email | 2 | 7/26/2010 | | RIP | |
|---|---|---|---|---|---|---|
| C05770737 | Email | 2 | 7/26/2010 | DOS officials | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05770737 is subsumed in Document C05775670. In each document, the Department withheld a draft memo, which was proposed for transmission within the U.S. Government, regarding an idea for a proposed foreign policy event involving other countries. The memo includes recommendations and the justification for those recommendations. In Document C05775670, the Department also withheld Secretary Clinton's recommendations concerning the proposal and alternative suggestions. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege

12

because it is pre-decisional and deliberative with respect to a proposal for an event and the possible event itself, and its disclosure would harm the Department's deliberative processes. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05775671 | Email | 1 | 7/26/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's update for Secretary Clinton on the U.S. Government's engagement with an Israeli government official, his recommendation concerning follow-up action by Secretary Clinton, and a proposal under consideration concerning future engagement with the Government of Israel. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. The information is pre-decisional and deliberative with respect Secretary Clinton's and the U.S. Government's engagement with Israel. Release of this information would chill the Executive Branch's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05777769 | Email | 1 | 2/17/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a National Security Council ("NSC") official's recommendations regarding points for Secretary Clinton to convey in an upcoming call with President Mahmoud Abbas. The information is pre-decisional and deliberative with respect to the Department's communications with a foreign leader about a policy issue of significant importance to the United States. Its release would chill the Executive Branch's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05778369 | Email | 1 | 12/28/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's recommendations regarding a possible meeting between Secretary Clinton and a foreign government leader in Brazil. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the meeting and the Department's engagement with a foreign leader. Its release would chill the Department's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05780261 | Email | 1 | 6/1-6/2/2011 | DOS officials, including the Legal Adviser | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's question about a recent news article, as well as the Legal Adviser's analysis of the article and his recommendations regarding how to address it. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's response to the article. Its release would chill the Department's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05780436 | Email | 4 | 6/10/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of the potential response to a news article regarding the Department's work with the Environmental Protection Agency on the Keystone XL pipeline permit. The withheld information includes questions from Department officials, analysis by another Department official, discussion of interagency deliberations, and facts provided in order to inform the decision about the permit and how to respond to the article. The

13

Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's response to the issues raised in the article. Its release would chill the Department's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05780516 | Draft Letter | 4 | 4/8/2011 | USG officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld an unsigned letter from an NSC official to a foreign government official in Asia under Exemption 5 pursuant to the deliberative process privilege. The information is pre-decisional and deliberative with respect to the final letter and its release would chill the Executive Branch's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05780998 | Email | 1 | 6/15/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's analysis of a recent news article and his related recommendation concerning potential action by Secretary Clinton. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Secretary Clinton's response to the issues raised in the article. Its release would chill the Department's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05781958 | Email | 1 | 8/8-8/9/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld updates for the Department to consider in evaluating its budget options. The withheld information concerns two particular initiatives and reflects recommendations about the money allocated to them. The Department also withheld a Department official's assessment of the information provided. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's budget and its funding position on important initiatives. Release of this information would chill the Department's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05783348 | Email | 1 | 5/20/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's substantive analysis of a news article, opinion about U.S. Government policymaking concerning Afghanistan, and recommendations about how to proceed, particularly with respect to how to engage other parts of the U.S. Government. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's approach to formulating Afghanistan-related policy and interacting with other parts of the U.S. Government in the course of formulating that policy. Disclosure of this information would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05783351 | Email | 1 | 5/21/2011 | | RIP | |
|---|---|---|---|---|---|---|
| C05783928 | Email | 1 | 5/21/2011 | | RIP | |
| C05787827 | Email | 1 | 5/21/2011 | DOS officials | RIP | (b)(5) DPP |

14

**DESCRIPTION:** Documents C05783928 and C05787827 are subsumed in Document C05783351. In each of these documents, the Department withheld a readout of a call between a Department official and a foreign government official, including details of a proposed meeting and the Department official's assessment of the call. In Documents C05787827 and C05783351, the Department also withheld Secretary Clinton's follow-up question and, in Document C05783351, the Department official's response to Secretary Clinton. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's policy toward the foreign government in advance of an upcoming event and its release would harm the Executive Branch's deliberations. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05783484 | Email | 1 | 11/17/2011 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a readout of a call between a U.S. Government official and a leader of a foreign government in Asia, including details of the U.S. official's position on policy vis-à-vis the foreign government and an analysis of the outcome of the call, under Exemption 5. This information is pre-decisional and deliberative with respect to continuing development of U.S. policy toward the country and its release would harm the Executive Branch's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05783826 | Email | 3 | 5/20-5/21/2011 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's analysis of a news article regarding President Obama's Middle East policy and recommendations regarding how the Department should respond to the article, including proposed press events. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's response to the article and its public messaging regarding Middle East policy. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05784062 | Email | 2 | 7/17-7/18/2011 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld material provided to Secretary Clinton in preparation for a trip to India. The withheld information includes proposed talking points for Secretary Clinton's potential use in meetings with Indian officials, as well as a Department official's analysis, recommendations, and requests for follow-up action pertaining to three important policy issues. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Secretary Clinton's communications with foreign government officials and related engagement on important policy matters. Release of this information would chill the Department's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05787310 | Email | 4 | 10/9/2011 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a draft list of agenda items for an upcoming meeting, as well as Secretary Clinton's edits to the list. The topics cover regional issues in Africa, the Middle East, and South Asia, as well as topical issues related to security and the economy. The withheld information includes questions and edits, and it reflects preliminary positions on a number of issues. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the topics to be covered at a high-level meeting and the Department's position on those issues. Release of this information would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05791667 | Email | 1 | 7/30/2012 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information regarding a planned sanctions designation, including the identity of the entity slated for designation, a description of the steps taken towards finalizing the designation, and a Department official's recommendations regarding next steps and anticipated responses. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the designation and related activities. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05791891 | Email | 1 | 8/24/2012 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's question about Secretary Clinton's possible participation in an upcoming event, as well as that official's recommendations regarding the Secretary's potential participation. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Secretary's participation in an event. Release of this information would chill the Department's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05792073 | Email | 1 | 4/23/2012 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about a potential invitation to a foreign leader for an event in the United States, as well as details about the planning process for the invitation. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the possible invitation and the event. Its release would chill the Executive Branch's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05792229 | Email | 2 | 2/25-2/26/2012 | | | RIP | |
|---|---|---|---|---|---|---|---|
| C05794200 | Email | 2 | 2/26/2012 | DOS officials | | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05792229 is subsumed within Document C05794200. In each document, the Department withheld a discussion about the process of naming a person to speak on behalf of the United States at an international forum. The withheld information includes Department official's questions, facts provided to inform follow-up discussion, and recommendations for how to proceed. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because the information is pre-decisional and deliberative with respect to the process of naming the speaker. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05794354 | Email | 2 | 9/11-9/12/2012 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of the development of a public message responding to recent events in Cairo. The withheld information includes draft text of the message, a Department employee's edits, comments, opinions, and recommendations concerning the text, and another Department official's opinion regarding the process by which the message was developed. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because the information is pre-decisional and deliberative with respect to the final text of the message and the process of

16

developing that text. Release of this information would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05795787 | Email | 1 | 9/25-9/26/2012 | | RIP | |
| C05796617 | Email | 1 | 9/25/2012 | DOS officials | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05796617 is subsumed in Document C05795787. In each of these documents, the Department withheld background information provided to Secretary Clinton for purposes of informing her apparent decision about an individual's potential appointment to an open position. In Document C05795787, the Department also withheld a follow-up question from Secretary Clinton. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to Secretary Clinton's consideration of the individual. Release of this information would chill the exchange of information necessary for the Department to identify individuals suitable for important positions. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06131094 | Email | 2 | 11/25/2010 | DOS officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld a proposed, contingency talking point to be used in the event a particular topic was raised in Secretary Clinton's discussion with the Australian Minister of Foreign Affairs. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because the information is pre-decisional and deliberative with respect to the content of U.S. Government communications with a foreign partner on a sensitive matter. Release of this information would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06135442 | Draft Speech | 18 | Undated | | RIP | |
| C06174184 | Draft Speech | 29 | Undated | USG officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld the content of different versions of a speech. The speech, which was drafted roughly six months after President Obama's inauguration, assesses foreign policy concerns around the world, identifies the Obama administration's foreign policy priorities, and lays out the Department's strategy for achieving certain ends. Document C06135442 contains redline edits and comments in the margin. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to a final decision on the content of the speech and communications to the public on important issues. Its release could reasonably be expected to chill the open and frank exchange of ideas and recommendations that occur when government officials are crafting the text of a policy-oriented speech to be given by a high-level government official. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06149766 | Email | 2 | 4/27-4/28/2010 | DOS officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld information about two countries' positions on candidates under consideration for the presidency of the Inter-American Development Bank, which was provided to Secretary Clinton for further discussion. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because the information is pre-decisional and deliberative with respect to the U.S. support for candidates and engagement on the issue with foreign partners. Release of this information would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

*Judicial Watch v. Dep't of State*
15-cv-687
*Vaughn* Index

| C06161980 | Email | 4 | 2/14/2009 | DOS officials, Samuel Berger | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld recommendations and analysis regarding a variety of foreign policy issues in Japan, China, and South Korea compiled for Secretary Clinton's preparation for a trip to Asia to assist her engagement with foreign official, as well as Secretary Clinton's opinion on follow-up action. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege, including via the consultant corollary. The information is pre-decisional and deliberative with respect to the preparation for the Secretary's trip and her decisions regarding whether and how to engage with foreign officials about various foreign policy issues. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06176686 | Agenda | 2 | Undated | USG officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld the content of a draft agenda for the G8 Foreign Ministers Meeting, including proposed events and subjects to cover at the events. The document is titled "Notional Agenda" and includes a "Need to confirm" comment next to an event in the schedule. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the final schedule. Release of this information would chill the Department's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06187340 | Miscellaneous | 5 | 6/10/2010 | Department of Defense ("DOD") officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld the content of a draft Department of Defense ("DOD") Information Paper related to a conference on Afghanistan and Pakistan. The draft paper contains an assessment of the conference, including a statement of its goals, highlights, and conclusions. The paper is marked "Draft" and includes redline edits. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the final Information Paper. Release of the information would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05762788 | Email | 1 | 4/24-4/26/2009 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information pertaining to a Department personnel decision, including details about the candidate's status in the selection process, issues for consideration in evaluating his suitability, and a follow-up question from a Department official. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the selection of the individual. Release of the information would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05761458 | Email | 2 | 6/1/2009 | DOS officials, DOS nominee | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion about the ongoing confirmation process for a nominee to a Department position. The withheld information contains questions and recommendations from the nominee, as well as responses, recommendations, and follow-up questions from Department officials regarding strategies to expedite the confirmation process. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege,

including via the consultant corollary. The withheld information is pre-decisional and deliberative with respect to the Department's strategy for obtaining confirmation of nominees for Department positions. Release of the information would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05759776 | Email | 1 | 9/21/2009 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about Secretary Clinton's discussion with another U.S. Government official, including the other official's proposals and recommendations regarding a foreign policy strategic initiative and Secretary Clinton's assessment of the proposal. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's implementation of the proposal. Release of the information would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06161719 | Email | 3 | 10/20/2009 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld deliberations about the Department's response to a press article about one of Secretary Clinton's top advisers and her role at the Department. The withheld information includes Department official's opinions and recommendations about a possible response, as well as proposed content of a possible response. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's response to the press article. Its release would chill the Department's deliberations. Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05766830 | Email | 1 | 10/25/2009 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of a potential candidate for a position in the U.S. Government, including the identity of the individual under consideration, a description of her background and qualifications, follow-up questions from Secretary Clinton, and information reflecting the opinion about her suitability that had been conveyed by another U.S. Government official. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to a U.S. Government personnel decision. Its release would chill discussion of this important issue. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06161723 | Email | 4 | 10/26/2009 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's recommendations regarding Secretary Clinton's role in relation to major U.S. foreign policy issues such as the Middle East and Afghanistan, which he provided in response to a news article. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Secretary Clinton's role. Its release would chill the Department's deliberations about these important issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06136643 | Email | 4 | 12/23/2009 | DOS officials, Oscar Flores | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's update on ongoing developments in Sudan in order to prepare Secretary Clinton for possible incoming inquiries on the matter. The withheld information reflects the Department official's opinions and analysis, as well as his description of prospective next steps for the Department to address the situation. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's response to matters unfolding in Sudan and to Secretary Clinton's response to related inquiries. Release of this information would chill the Department's deliberations about these important issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05769346 | Email | 1 | 1/22/2010 | DOS, National Security Council ("NSC") officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld an NSC official's recommendation about the U.S. Government's position and message concerning international donor coordination on Haiti relief efforts. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to U.S. Government officials' future communications with foreign partners and its release would chill discussion of these important issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05769370 | Email | 1 | 1/22/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about Department personnel matters, including the identity of an individual under consideration and an assessment of his suitability. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Department personnel decisions. Its release would chill the Department's deliberations about these important issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06136632 | Memorandum | 5 | 1/24/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a portion of a memorandum about a possible policy initiative in Haiti. The withheld information is a bulleted list of 12 issues for further discussion. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's adoption and implementation of the initiative. Its release would chill the Department's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05766972 | Email | 1 | 2/3/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about a possible press appearance by Secretary Clinton, including U.S. Government officials' recommendations regarding the appearance and alternative options for how to proceed. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Secretary Clinton's appearance and the Department's press strategy. Release of the information would chill the Department' deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05769847 | Email | 1 | 2/10/2010 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld an NSC official's update on a potential upcoming meeting between Secretary Clinton and foreign government officials, including a question about the composition of the meeting and the NSC's opinion about the possible results. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Secretary Clinton's engagement with a foreign government, and its disclosure would chill the U.S. Government's deliberative discussions about engagements with foreign officials. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05774056 | Email | 2 | 12/17/2009-2/17/2010 | DOS officials, other individuals | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussions regarding an individual's potential position in the administration. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Secretary Clinton's decision regarding support of a particular appointment. Release of this information would chill the exchange of information necessary for the Secretary to be fully informed about decisions with which she is presented. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05774256 | Email | 2 | 2/25-2/27/2010 | DOS, White House, DOD, ODNI officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion about a draft report to Congress, which was required by the 2009 National Defense Authorization Act. The withheld information reflects the status of the draft and details about next steps in the drafting process. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the final report, and its disclosure would harm the U.S. Government's ability to provide unfiltered comments and discussions on draft documents before they are final. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05767851 | Email | 1 | 3/2/2010 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld an update on the U.S. Government's engagement with Israel, including details about ongoing engagement with foreign government officials, recommendations regarding possible action by Secretary Clinton, details about anticipated involvement of other U.S. Government officials, and an assessment of the potential impact on planned U.S. Government activities. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's foreign policy vis-à-vis Israel. Release of this information would chill important discussion of a sensitive issue. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768795 | Email | 1 | 3/12/2010 | DOS, White House officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld an update on the positions of members of Congress on particular legislation, as well as a recommendation regarding potential follow-up action to be taken by Secretary Clinton. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Secretary Clinton's potential action concerning one of the administration's legislative priorities. Release of this information would chill important discussion of a sensitive issue. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768481 | Email | 1 | 3/21/2010 | | RIP | |
| C05768476 | Email | 1 | 3/21/2010 | | RIP | |
| C05775118 | Email | 1 | 3/21/2010 | | RIP | |
| C05775135 | Email | 1 | 3/21/2010 | DOS, NSC officials | RIP | (b)(5) DPP |

**DESCRIPTION:** Documents C05768476, C05775118, and C05775135 are subsumed in Document C05768481. In each of these documents, the Department withheld an NSC official's recommendations regarding Israel-Palestinian policy, including recommendations about public messaging points on which to focus and points to avoid. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's policy concerning the Israeli-Palestinian conflict and the Department's engagement on that issue. Release of this information would chill important discussion of a sensitive issue. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768529 | Email | 1 | 3/22/2010 | DOS officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld a question from Secretary Clinton regarding the content of an upcoming statement and a Department official's recommendations in response, including proposed language. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the content of a statement by the Secretary. Release of this information would chill important discussion about the Department's messaging. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05775304 | Email | 1 | 3/31/2010 | DOS, NSC officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld information about a prospective call between a U.S. Government official and a foreign government official, including details about other U.S. Government officials' recommendations regarding the call. This information reveals pre-decisional and deliberative information about the call. Its disclosure would chill the exchange of information necessary for the Executive Branch to prepare for engagement with foreign government officials. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05774843 | Email | 1 | 4/8-4/9/2010 | DOS officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld discussion of possible candidates for two positions in the Department, including a department official's recommendation of two people for consideration and details about a particular individual's professional plans. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's personnel decisions. Release of this information would chill important discussion about finding suitable people for positions in government. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05774914 | Email | 1 | 4/13-4/15/2010 | | RIP | |
| C05768278 | Email | 1 | 4/13/2010 | DOS, NSC officials | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05768278 is subsumed in Document C05774914. In each of these documents, the Department withheld an NSC official's recommendations regarding the U.S. Government's position on an upcoming international meeting related to Iran, including potential pros and cons of various strategies and possible reactions of foreign governments. The withheld information includes a proposed message, proposals for possible follow-up action

*Judicial Watch v. Dep't of State*
15-cv-687
*Vaughn* Index

contingent upon certain outcomes, and an assessment of possible outcomes. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's engagement with foreign countries on a sensitive matter. Release of this information would chill the Department's deliberative processes. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768324 | Email | 1 | 4/14/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information regarding an individual's potential position in the Obama administration working on issues related to Afghanistan and Pakistan The withheld information includes the identity of the individual under consideration, a description of the scope of her potential responsibilities, Department officials' opinions of the potential placement, and a Department official's recommendation regarding the placement. The document also contains a discussion of recommended internal organizational reforms to improve foreign policy. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to an Executive Branch personnel decision. Release of this information would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05768712 | Email | 1 | 4/25/2010 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld an NSC official's message regarding a possible upcoming advertisement on Sudan potentially critical of former Secretary Clinton, along with facts provided in order to inform the Department's deliberations about its potential response. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's public engagement on a sensitive matter of interest. Release of this information would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05775534 | Email | 3 | 4/26/2010 | | RIP | |
|---|---|---|---|---|---|---|
| C05768722 | Email | 1 | 4/25-4/26/2010 | DOS officials | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05768722 is subsumed in Document C05775534. The Department withheld a Department official's recommendations concerning Secretary Clinton's role vis-à-vis President Obama and substantive goals for her tenure as Secretary of State, including suggested strategies to achieve success as Secretary. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Secretary Clinton's role in the Obama administration and her goals while in office. Release of this information would chill discussion of such issues. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05769902 | Email | 1 | 5/5/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about a personnel-related matter, including an employee's proposed steps to address feedback and certain concerns. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's ongoing efforts to address employee concerns and management issues. Release of this information would chill discussion important to ensuring a positive work environment for Department employees. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06136673 | Email | 3 | 5/13-5/15/2010 | DOS officials, Oscar Flores | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld details about the proposed structure of U.S. foreign policy apparatuses as well as a Department official's assessment and recommendations regarding the proposal. The document provides comments and suggestions to a proposed Presidential Policy Directive concerning human rights and democracy. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's position on the proposal and the structure of the Obama administration's foreign policy apparatus. Release of this information would chill communications about these issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05769866 | Email | 1 | 6/10-611/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of a potential development-related topic for discussion at an upcoming meeting between Secretary Clinton and U.S. Government official. The withheld information reflects a U.S. Government official's proposal of a topic to raise at the meeting as well as related questions, opinions, and recommendations from Department officials. The withheld information also includes the status of a draft document under development in the Executive Branch. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to topics to be discussed at the meeting and finalization of an important draft document. Release of this information would chill communications about these issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05769876 | Email | 2 | 6/11/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information reflecting a Department official's questions, opinions, and recommendations regarding personnel and the personnel structure of the Bureau of Public Affairs, as well as another Department official's assessment of the issues raised and recommendations for how to proceed. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to personnel decisions and Department organization. Release of this information would chill important deliberations about how to make the Department function efficiently. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05769962 | Email | 2 | 6/15/2010 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld an interagency discussion of Executive Branch structure and personnel decisions, including officials' questions, recommendations, and opinions. The Department also withheld an unrelated reference to a proposed foreign policy discussion topic for a later meeting. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to personnel decisions, Executive Branch organization, and the agenda of a future meeting. Release of this information would chill important deliberations about how to make the Executive Branch function efficiently. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05770061 | Email | 3 | 6/18-6/19/2010 | | RIP | |
|---|---|---|---|---|---|---|
| C05770058 | Email | 2 | 6/18-6/19/2010 | | RIP | |
| C05776610 | Email | 3 | 6/18/2010-6/19/2010 | DOS, NSC officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The withheld information in Documents C05770058 and C05776610 is subsumed in Document C05770061. In each of these documents, the Department withheld interagency discussion of the Executive Branch's public messaging about an immigration-related matter. In Document C05770061, the Department also withheld Department officials' opinions and assessments of the messaging. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to continued public messaging on the issue. Release of this information would chill important deliberations about such messaging. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06160857 | Email | 5 | 6/19-6/20/2010 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld three draft statements to be delivered in response to developments in the Middle East as well as comments, suggestions, and a proposal for further discussions to finalize the statements. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the delivery and content of the statement. Release of this information would chill deliberations regarding the Executive Branch's response to sensitive issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05770134 | Email | 2 | 6/29/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's detailed analysis, opinions, and recommendations regarding Richard Holbrooke's role in the Department and vis-à-vis Afghanistan, which were provided to Secretary Clinton in the context of an expected press article on the subject. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's response to the expected article and Secretary Clinton's professional interaction with Holbrooke. Release of this information would chill deliberations regarding the Executive Branch's response to sensitive issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05770718 | Email | 1 | 7/25/2010 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld an NSC official's recommendations regarding the U.S. Government's engagement with a foreign partner in the Middle East, which was based in part on his analysis of a call with a government official of another foreign partner in the region. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's communications and engagement with a foreign partner in a sensitive region. Its release would chill recommendations on an important subject. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05770273 | Email | 1 | 8/5/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's message conveying a recommendation that Secretary Clinton engage with a reporter on Iranian foreign policy. In addition to the recommendation, the withheld information includes facts provided to inform Secretary Clinton's decision about participation and follow-up actions contingent upon her agreement to participate. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Secretary Clinton's engagement with the press on an important foreign policy matter related

| to Iran. Its release would chill recommendations on an important subject. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
|---|---|---|---|---|---|---|
| C05771881 | Email | 2 | 8/28/2010 | DOS officials | RIP | (b)(5) DPP |
| DESCRIPTION: The Department withheld questions from Secretary Clinton related to ongoing personnel decisions, including questions about specific individuals and filling specific positions. The email contains a Department official's preliminary responses to the questions, including assessments of suitability for specific roles and the status of hiring decisions. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Executive Branch's personnel decisions. Its release would chill recommendations on an important subject. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
| C05772433 | Email | 1 | 9/13-9/14/2010 | DOS, NSC officials | RIP | (b)(5) DPP |
| DESCRIPTION: The Department withheld an NSC official's recommendations regarding the U.S. Government's engagement with foreign partners in the Middle East under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to the U.S. Government's communications and engagement with foreign partners in a sensitive region. Its release would chill recommendations on an important subject. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
| C05773288 | Email | 1 | 10/20/2010 | DOS officials | RIP | (b)(5) DPP |
| DESCRIPTION: The Department withheld a Department official's recommendations regarding strategic personnel hiring and opinions regarding several candidates for a particular position, including an assessment of their qualifications. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's hiring strategies and the Department's position on the particular individuals under consideration. Release of this information would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
| C05777906 | Email | 1 | 12/9/2010 | DOS officials | RIP | (b)(5) DPP |
| DESCRIPTION: The Department withheld details of an interagency discussion regarding the structure of the U.S. Government's foreign policy apparatus, including a Department official's recommendations and opinions regarding the matter. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's position and the U.S. Government's position on the issue. Release of this information would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
| C05773494 | Email | 1 | 12/22/2010 | DOS, NSC officials | RIP | (b)(5) DPP |
| DESCRIPTION: The Department withheld details of a call held by a U.S. Government official that were provided to Secretary Clinton in order to inform her decision-making regarding policy, as well as planned next steps. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to U.S. Government policy regarding a certain issue and planned next steps to address that | | | | | | |

26

issue. Its release would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05774137 | Email | 1 | 12/30/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about a Department official's future position at the Department, including his input on possible positions and assessment of ongoing foreign policy issues in those positions. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Department personnel decisions. Its release would chill the Department's deliberations about these important issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05774206 | Email | 1 | 12/31/2010 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a U.S. Government official's opinion and recommendation regarding an upcoming meeting to be attended by Secretary Clinton. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the meeting and Secretary Clinton's position in the meeting. Release of this information would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05777653 | Email | 1 | 1/20/2011 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about a planned interagency meeting and details of an NSC official's recommendation related to the meeting, including suggested discussions to have in advance of the meeting. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to preparation for the meeting and its release would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05778078 | Email | 1 | 1/22/2011 |  | RIP |  |
|---|---|---|---|---|---|---|
| C05778074 | Email | 1 | 1/22/2011 |  | RIP |  |
| C05786229 | Email | 1 | 1/22/2011 | DOS, NSC officials | RIP | (b)(5) DPP |

**DESCRIPTION:** Documents C05778074 and C05786229 are subsumed in Document C05778078. The Department withheld an NSC official's recommendation regarding discussion of options under consideration by the U.S. Government and details of a related follow-up meeting under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to U.S. Government actions to address a policy issue and its release would chill the Executive Branch's deliberative process. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05778985 | Email | 1 | 2/13/2011 |  | RIP |  |
|---|---|---|---|---|---|---|
| C05779053 | Email | 1 | 2/13/2011 | DOS, NSC officials | RIP | (b)(5) DPP |

**DESCRIPTION:** These documents are versions of an email chain containing discussion of potential upcoming activity related to Israeli-Palestinian matters. In each document, the Department withheld an NSC official's question about possible upcoming developments. In Document C05779063, the Department withheld a

Department official's response and, in Document C05778985, the Department withheld another Department official's response. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Executive Branch's understanding of potential upcoming activity of significant interest to the U.S. Government. Its release would chill fact-gathering necessary to make informed decisions about important policy issues. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05779198 | Email | 1 | 2/15-2/16/2011 | DOS, NSC, White House officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion about a personnel-related matter and a potential response to press reports on the subject. The Department withheld the identity of the individual involved in the personnel issue, a description of the concern, a draft response for potential use addressing the matter publicly, and a description of the deliberations. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Executive Branch's response on the personnel matter. Its release would chill Executive Branch deliberations. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05789454 | Email | 2 | 2/15-216/2011 | DOS, NSC, White House officials, other individual | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion about a personnel-related matter and a potential response to press reports on the subject. The Department withheld the identity of the individual involved in the personnel issue, a description of the concern, and the draft response for potential use addressing the matter publicly. The exchange was transferred to Secretary Clinton for purposes of informing her future engagement on the matter. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. It is pre-decisional and deliberative with respect to the Secretary's engagement and its release would chill discussion of important personnel issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05780071 | Email | 1 | 2/28/2011 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about ongoing planning regarding U.S. Government actions in the Middle East-North Africa region, including details about the status of ongoing activities, unresolved issues, and planned next steps. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative regarding planning on developing activities and its release would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05780135 | Email | 1 | 3/8-3/9/2011 | DOS, White House officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of notifying an ambassador of a foreign policy action and appropriate protocol for engaging with a foreign government on the matter, including questions, recommendations, and facts pertinent to the analysis, under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to the notification and its release would chill the Executive Branch's deliberations. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05780164 | Email | 1 | 3/21/2011 | DOS, Office of the Vice President ("OVP") officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

28

**DESCRIPTION:** The Department withheld a U.S. Government official's recommendation regarding a particular candidate under consideration for a position at the Department, including an assessment of why the candidate would be a good fit for the position. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Department personnel decisions. Its release would chill the Department's deliberations about these important issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05780499 | Email | 1 | 4/7/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about Department personnel matters, including the identities of individuals, professional plans of those individuals, and a Department official's recommendation that the Secretary take particular follow-up action. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Department personnel decisions. Its release would chill the Department's deliberations about these important issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05780217 | Email | 1 | 4/14/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about the Department's consideration of an individual for a particular position, including the identity of the individual, a Department official's assessment of her suitability, and a follow-up question by another Department official about her suitability. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Department personnel decisions. Its release would chill the Department's deliberations about these important issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05781374 | Email | 1 | 4/18/2011 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a message concerning the appropriate process for preparing a letter from an NSC official to a foreign government official. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the determination of the appropriate process for preparing the letter. Release of this information would chill the exchange of information within the Executive Branch. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05785442 | Email | 1 | 5/13/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's update regarding progress on engagement with foreign partners on a proposal under consideration. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's position on the proposal and the proposal's progress. Release of this information would chill exchange of information within the Department. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05787506 | Draft speech | 9 | 5/16/2011 | USG officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld the draft text of a speech to be delivered by President Obama at the Department. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the content of the final

speech. Release of this information would chill the Executive Branch's ability to provided candid comments on draft speeches prior to their delivery. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05784152 | Email | 1 | 5/21/2011 | | RIP | |
| C05784142 | Email | 1 | 5/21/2011 | DOS, NSC officials | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05784142 is subsumed in Document C05784152. In each of these documents, the Department withheld a readout of a call between a Department official and a foreign government official, including details of a proposed meeting and the Department official's assessment of the call. The Department also withheld another U.S. Government official's readouts of conversations with the same foreign official and assessment of the proposal. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's policy toward the foreign government in advance of an upcoming event and its release would chill the Department's ability to provide candid feedback about engagements with foreign officials. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05780313 | Email | 1 | 6/4/2011 | DOS, NSC officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld an NSC official's assessment of a recent press story, a proposal of possible follow-up action, and questions related to the story and the proposal under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to the U.S. Government's response to the story and related follow-up action. Its release would chill the exchange of information within the Executive Branch. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05781193 | Email | 3 | 6/20/2011 | DOS, USAID officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld deliberations about issues related to USAID, including discussions about the USG nominee for the World Food Programme Executive Director and branding of USAID, including potential changes to the USAID logo. The withheld information includes the identities of two candidates for Executive Director, a USAID official's question, and the USAID official's detailed recommendations regarding branding and the logo. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the selection of a candidate for the U.S. Government to support and the branding of USAID. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05781284 | Email | 4 | 6/17-6/21/2011 | DOS, USAID officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld a Department employee's detailed assessment of issues concerning health policy and personnel management, including her opinions about problems, her recommendations regarding possible solutions, and her preliminary plan for next steps. The document also includes the employee's candid assessment of strengths and weaknesses of various personnel to a more senior official.  The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the development of solutions to health policy concerns. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05781332 | Email | 1 | 6/21/2011 | DOS, White House officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld an interagency discussion of a possible change to an employee's work status, including an NSC official's questions and a Department official's preliminary assessment of Secretary Clinton's position on the matter. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to a possible change and its release would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05781780 | Email | 2 | 7/31-8/1/2011 | DOS, White House officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld draft talking points for potential use by administration officials commenting publicly on a recent economic policy. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the administration's public communications on a policy matter. Its release would chill the preparation of public statements on important matters. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05786723 | Email | 1 | 8/15/2011 | | RIP | |
|---|---|---|---|---|---|---|
| C05784234 | Email | 1 | 8/15/2011 | DOS, NSC officials | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05784234 is subsumed in Document C05786723, The Department withheld an update on an Executive Branch component's position regarding a matter raised by Secretary Clinton, as well as details about planned next steps. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's position on the issue and its efforts to address it. Release of this information would chill the exchange of ideas and recommendations within the Executive Branch. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05784370 | Email | 1 | 8/18/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld details about a Department official's meeting with an advocate and resulting ideas for the administration's future engagement on health issues and proposed action going forward. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the administration's health policy and its release would chill the deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05782728 | Email | 1 | 9/18/2011 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld an NSC official's readout of a call pertaining to a multilateral meeting concerning Israeli-Palestinian issues. The withheld information includes details of the U.S. Government's position and the planned position going forward. The information is pre-decisional and deliberative with respect to the U.S. Government's continuing position on a sensitive foreign policy matter. Release of the information would chill the exchange of information

31

within the Executive Branch. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05783205 | Email | 3 | 9/20/2011 | DOS, Office of Management and Budget ("OMB") officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld draft text of a speech to be given by President Obama at the Clinton Global Initiative under Exemption 5 pursuant to the deliberative process privilege. The information is pre-decisional and deliberative with respect to the final text of the speech and its release would chill the Executive Branch's deliberative processes when providing comments and feedback on proposed speeches prior to their delivery. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05783238 | Email | 1 | 9/22/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about a potential meeting between two Department employees about North Korea and the scope of work responsibilities of one of the two potential meeting attendees. The withheld information includes the identity of one of the potential meeting attendees, a solicitation of input from other Department employees, recommendations regarding the meeting from other Department employees, and an assessment of the situation offered by a Department employee to Secretary Clinton. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to a potential meeting related to substantive foreign policy issues about North Korea. Release of this information would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05783260 | Email | 1 | 9/22/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of a possible candidate for a particular position, including the identity of the candidate under consideration, a Department official's assessment of his suitability, and the Department official's recommendations regarding next steps. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the selection of a candidate and its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05783255 | Email | 2 | 9/22/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of the Department's position regarding support of a particular candidate for a position with an international organization. The withheld information includes the identity of the candidate, a Department official's assessment of his suitability, and details about planned next steps. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Department's position regarding its support of the candidate and its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05784187 | Email | 2 | 9/27-9/28/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion about a possible position for a Department employee, including discussion about the possible creation of a new position for him to fill. The withheld information includes the identity of the employee under consideration, potential job duties, an idea for his potential placement, the recommendations and input of Department officials regarding that idea, and requests for follow-up action. The Department withheld this information

under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to decisions about personnel and the structure of a particular bureau. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| C05787671 | Email | 2 | 10/21/2011 | | | RIP | |
| C05783688 | Email | 1 | 10/21/2011 | | | RIP | |
| C05787660 | Email | 2 | 10/21/2011 | DOS officials | | RIP | (b)(5) DPP |

**DESCRIPTION:** Documents C95787660 and C05783688 are subsumed in Document C05787671. In each of these documents, the Department withheld a Department official's recommendations regarding Department staffing, including potential positions for himself and others, and justifications for those recommendations, as well as the opinions and details of possible next steps provided by another Department official. The Department also withheld follow up discussion of the Department official's recommendations, including a question for Secretary Clinton and Secretary Clinton's recommendation in response. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to important decisions about Department staffing and its release would chill the Department's deliberations about such matters. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| | | | | | | |
|---|---|---|---|---|---|---|
| C05784195 | Email | 1 | 11/23/2011 | DOS officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld information about a Department official's professional plans, including possible options for different roles at the Department or another agency, under Exemptions 5. This information is pre-decisional and deliberative with respect to Department personnel decisions and its release would chill the Department's deliberative processes on such matters. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| | | | | | | |
|---|---|---|---|---|---|---|
| C05784173 | Email | 1 | 11/23/2011 | DOS, White House officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld information about a particular individual's employment prospects in the Obama administration, including the identity of the individual, a White House official's recommendations regarding his suitability, and a Department official's follow-on request. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to personnel decisions and its release would chill discussion of such decisions. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| | | | | | | |
|---|---|---|---|---|---|---|
| C05784668 | Email | 1 | 11/25/2011 | DOS, White House, NSC officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld information about the development of a statement to the press, including details about the planned use of the statement, its clearance status, and the draft text. The draft text includes redline edits. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the communications to the public on a sensitive issue. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05784420 | Email | 1 | 12/12/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about a possible award to be conferred by Secretary Clinton on a U.S. Government official. The withheld information reflects recommendations of Department officials as well as details provided in order to inform Secretary Clinton's decision on the award. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Secretary Clinton's decision on the award. Release of this information would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05784431 | Email | 1 | 12/12/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about a possible award to be conferred by Secretary Clinton on a U.S. Government official. The withheld information reflects Department officials' questions and opinions regarding the possible award, potential alternatives to the award, and details provided to inform the Department's decision about the award. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Secretary Clinton's decision on the award. Release of this information would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05785084 | Email | 1 | 12/16/2011 | DOS, White House officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a White House official's recommendation to Secretary Clinton regarding an issue pertaining to Senate confirmation of nominees for Department positions under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to the Executive Branch's efforts to obtain confirmation for nominees. Release of this information would chill the Executive Branch's deliberations. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05786093 | Email | 1 | 12/19/2011 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of a Department employee's potential ambassadorial appointment, including the candidate's identify, information reflecting the candidate's views on the potential position, details about planned next steps, information provided to inform the Department's decision about the appointment, and U.S. Government officials' recommendations about how to proceed. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to personnel decisions and its release would chill discussion of such decisions. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05793375 | Email | 2 | 1/4-1/5/2012 | | RIP | |
|---|---|---|---|---|---|---|
| C05787538 | | | 1/4/2012 | DOS, White House officials | RIP | (b)(5) DPP |

**DESCRIPTION:** Document C05787538 is subsumed in Document C05793375. In each of these documents, the Department withheld interagency discussion of an individual's position and future in that position. The withheld information reflects U.S. Government officials' questions, opinions, and recommendations, planned next steps, and information provided in order to inform decisions about next steps. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Executive Branch's decision about personnel issues and its release

34

would chill deliberations about such issues. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05793371 | Email | 2 | 1/15-1/20/2012 | DOS, Health and Human Services ("HHS"), Centers for Disease Control and Prevention ("CDC"), NSC officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld information about an anticipated budget request for a future fiscal year and the Department's recommendation for how to obtain necessary levels of funding for particular programs. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the Executive Branch's budget requests and justification. Its release would chill Executive Branch planning for critical issues. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05788942 | Email | 1 | 1/31/2012 | DOS, White House officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld a request about Secretary Clinton's possible participation in an upcoming high-level meeting under Exemption 5 pursuant to the deliberative process privilege. The information is pre-decisional and deliberative with respect to Secretary Clinton's participation in the meeting and its release would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05787943 | Email | 3 | 2/1-2/2/2012 | DOS, White House, NSC, DOD officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld an interagency discussion of the public rollout of a national security strategy. The withheld information includes the subject of discussion, as well as opinions and recommendations of different components of the Executive Branch regarding the public communications plan. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to final decisions about the public rollout of the strategy and its release would chill deliberations within the Executive Branch. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05789825 | Email | 1 | 3/26/2012 | DOS officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld information about a U.S. Government official's request to be appointed to another U.S. Government component, including the identity of the official, the position in which he was interested, and Secretary Clinton's request for follow-up action contingent upon additional information. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the U.S. Government's personnel decisions and the Department's support for the decision at issue in this document. Release of the information would chill discussion of such decisions. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05794820 | Email | 1 | 4/4/2012 | DOS, NSC officials | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld information regarding an individual's status in the selection process for a position with the Department, including details about next steps, under Exemption 5 pursuant to the deliberative process privilege. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the employment of the individual at issue. Release of the information

would chill discussion of important personnel decisions. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05795936 | Email | 1 | 4/6/2012 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a question from Secretary Clinton regarding her possible participation in an upcoming event, and a recommendation about a possible statement about the matter. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is deliberative and pre-decisional with respect to Secretary Clinton's decision whether to attend the event. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06132865 | Email | 3 | 4/17/2012 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussions about planned meetings, including a bilateral meeting with an official from a European country and an interagency meeting. The withheld information includes Department officials' recommendations about potential participants in the bilateral meeting and possible alternatives for aspects of the bilateral and interagency meeting. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to final details of the meetings. Its release would chill the Department's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05792271 | Email | 1 | 5/9/2012 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld an NSC official's recommendation regarding points for Secretary Clinton to raise on a call with a foreign government official. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Secretary Clinton's communications with a foreign government official and its release would chill the Executive Branch's deliberations about such points. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05791235 | Email | 1 | 6/13/2012 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about an Executive Branch official's potential attendance at an international meeting located abroad and potential follow-on travel to another country. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to U.S. Government officials' travel and engagement with foreign partners. Release of this information would chill deliberations about such matters. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05773157 | Email | 2 | 6/11-6/19/2012 | DOS officials, other individual | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion about an individual's potential placement on a Department advisory board. The withheld information includes the identity and contact information of the individual, his expressions of interest, the opinions of Department officials regarding his suitability, and details of planned next steps. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative

with respect to staffing arrangements. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05772830 | Email | 2 | 6/19/2012 | DOS officials, international organization official | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information from the outgoing Chair of the Development Assistance Committee of the Organisation for Economic Co-operation and Development regarding his professional plans and recommendations regarding the DAC's future composition as well as suggested skills for potential replacements. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege, including via the consultant corollary. This information is pre-decisional and deliberative with respect to the Department's future decision-making concerning the composition of the DAC. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05791062 | Email | 1 | 7/2/2012 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a Department official's feedback, reflecting his opinions, regarding a statement the Secretary made in Geneva. The Department withheld this information under Exemption 5 because it is pre-decisional and deliberative with respect to the Department's continuing engagement on an issue discussed in recent statements by senior officials. Its release would chill the expression of opinions and recommendations necessary for the Department to engage effectively on foreign policy matters of importance. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05796217 | Email | 1 | 7/9/2012 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld details about an individual apparently under consideration for a position in the Obama administration, as well as a question directed to Cheryl Mills and former Secretary Clinton regarding that individual. The Department withheld this information under Exemptions 5 because it is pre-decisional and deliberative with respect to a personnel decision and its release would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05796299 | Email | 1 | 7/10/2012 | DOS, NSC, White House officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a discussion about individuals under consideration for a particular position at the Department. The withheld information includes the identity of an individual who was not named to the position, opinions about his possible appointment, and a proposed path forward. The Department withheld the discussion under Exemption 5 pursuant to the deliberative process privilege because the information is pre-decisional and deliberative with respect to a personnel decision. Release of the information would chill important discussions about finding the most suitable policymakers for senior positions in the U.S. government. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06133226 | Email | 2 | 7/10/2012 | DOS, White House, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a discussion of a personnel incident that occurred on Secretary Clinton's trip to France, including Secretary Clinton's opinion of the incident, a follow-up question, and Huma Abedin's opinion and assessment of the issue. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to Secretary Clinton's decision about how to address the

issue. Its release would chill the Department's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05791789 | Email | 1 | 8/21/2012 | DOS, White House officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion about an individual under consideration for a particular position, including the identity of the individual, details about here status in the selection process, and details of planned next steps. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to a personnel decision. Release of the information would chill important discussions about finding the most suitable policymakers for senior positions in the U.S. government. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05794186 | Email | 2 | 9/11/2012 | DOS officials, White House official, reporter | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld portions of a discussion of U.S. policy in the Middle East, including questions, opinions, and assessments. This information was provided to Secretary Clinton for the purposes of informing her decision-making with respect to policy in the region. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because the information is pre-decisional and deliberative with respect to U.S. policy toward the Middle East. Release of this information would deter the provision of information that may be helpful in formulating policy towards a sensitive region. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05793377 | Email | 1 | 6/25-9/20/2012 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld details regarding an ambassador's planned resignation under Exemptions 5. This information is pre-decisional and deliberative with respect to the ambassador's resignation and the Department's response to it. Its release would chill the Department's deliberative process. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05797406 | Email | 1 | 10/24/2012 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about possible meetings between U.S. Government officials and an Israeli government official under Exemption 5 pursuant to the deliberative process privilege. It is pre-decisional and deliberative with respect to the occurrence of the meetings and its release would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06133501 | Email | 1 | 12/30/2012 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about a possible meeting with another U.S. Government official. The Department withheld the information about the prospective meeting under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the meeting. Its release would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05796992 | Email | 1 | 1/6/2013 | DOS officials, White House official | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

*Judicial Watch v. Dep't of State*
15-cv-687
*Vaughn* Index

**DESCRIPTION:** The Department withheld information regarding a prospective interagency meeting and speculation about the subject of the meeting. The Department withheld the subject line and content of the email under Exemption 5 pursuant to the deliberative process privilege.  The information is pre-decisional and deliberative with respect to a prospective meeting and the subject of the meeting. Its release would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of this document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05767024 | Email | 2 | 10/21-10/26/2009 | DOS, NSC officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion about candidates for a position at USAID, including a list of possible candidates, recommendations regarding the selection process and candidates, and details of planned next steps. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the selection of a candidate and its release would chill the Executive Branch's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05765785 | Email | 2 | 11/15-11/16/2009 | DOS officials, job candidate | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld the ideas of a future senior adviser to Secretary Clinton regarding the issues on which he might advise. This information was provided for the Department's consideration and development. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege, including via the consultant corollary. This information is pre-decisional and deliberative with respect to the scope of responsibilities of a future senior adviser as well as State's future personnel decisions. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05766603 | Email | 1 | 12/22-23/2009 | DOS, White House officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of potential candidates for a position at an international organization, including the position sought to be filled, the identity of the individuals under consideration, and the recommendations and positions of different Executive Branch components. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the selection of a candidate. Its release would chill the Executive Branch's deliberations about the U.S. Government's support of a candidate for an important position. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05769753 | Email | 1 | 2/8-9/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of a potential candidate for a position at an international organization, the individual's identity and expression of interest, the position in which he was interested, a question from Secretary Clinton, details of planned next steps, and a Department official's assessment of his potential candidacy. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the selection of a candidate and recommendation of the individual at issue in this discussion. Release of this information would chill the Department's deliberations about the U.S. Government's support of a candidate for an important position. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05761351 | Email | 1 | 4/24-4/25/2009 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of a possible job candidate. The withheld material includes the identity of the candidate, two possible Department positions she might fill, details about her status in the selection process, and the opinion of a Department official regarding her suitability. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to the selection of a candidate. Release of this information would chill the Department's deliberations about selection of a candidate for an important position. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06163049 | Email | 2 | 1/24/2009 | DOS officials; Chairman of the Defense Policy Board; other individual | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information about a potential meeting between Secretary Clinton and the Chairman of the Defense Policy Board about a sensitive matter, including a Department official's recommendations regarding possible responses and alternatives to a meeting. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege, including via the consultant corollary. This information is pre-decisional and deliberative with regard to the Department's response to a meeting request and to the potential meeting. Its release would chill the Department's deliberative processes. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06163801 | Email | 4 | Undated | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld information regarding a potential employment arrangement with an individual who did not ultimately obtain employment with the Department. The withheld information includes details of the potential arrangement, the identity of the individual under consideration, the individual's ideas regarding the potential scope of his responsibilities (which he prepared at the request of a Department official), the Department official's own recommendations regarding the scope of his responsibilities, and two issues identified for Secretary Clinton's consideration. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to any employment arrangement with the individual and the scope of responsibilities associated with the possible position. Release of this information would chill the discussions necessary to identifying the most suitable people for important Department positions. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06163819 | Email | 1 | Undated | DOS official | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of certain personnel actions, including a recommendation of a position for a particular individual and an assessment of the Department's position regarding the possible ambassadorial nomination of another individual. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege because it is pre-decisional and deliberative with respect to a final decision on certain personnel matters. Its release would chill the discussions necessary to identifying the most suitable people for important Department positions. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05758494 | Email | 1 | 5/8/2009 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

40

**DESCRIPTION:** The Department withheld deliberations on administrative and personnel matters and potential appointments in the Department, including an analysis of a candidate's suitability for a position. The Department withheld portions of this document under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which is pre-decisional and deliberative, would reveal the authors' personal opinions and preliminary thoughts concerning the personnel hiring and assignments and could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05758518 | Email | 1 | 5/12-5/13/2009 | DOS officials | | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld deliberations on administrative and personnel matters and potential appointments in the Department, including discussions evaluating candidates for potential positons. The Department withheld portions of this document under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which is pre-decisional and deliberative, would reveal the authors' personal opinions and preliminary thoughts concerning the personnel hiring and assignments and could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05758645 | Email | 1 | 5/29-5/30/2009 | DOS officials | | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld a discussion regarding draft talking points for Secretary Clinton's upcoming calls with Brazil and Mexico. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which is pre-decisional and deliberative, would reveal the author's personal opinions and preliminary thoughts relating to the draft talking points and could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05779086 | Email | 2 | 2/13-2/14/2011 | DOS officials | | RIP | (b)(5) DPP |

**DESCRIPTION:** The Department withheld internal deliberations regarding the announcement of the appointment of Mr. Chris Painter as the Department of State's cyber coordinator, including discussions related to scope of his role and relationship to other offices in the Department. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which is pre-decisional and deliberative, would reveal the preliminary thoughts and opinions relating to the text of the announcement and could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion

| | | | | | | |
|---|---|---|---|---|---|---|
| and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
| C05782922 | Email | 2 | 10/12/2011 | DOS officials | RIP | (b)(5) DPP |
| DESCRIPTION: The Department withheld deliberations on administrative and personnel matters and potential appointments in the Department, including an employee's inquiry about a potential new positon and a response about potential candidates to interview. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which is pre-decisional and deliberative regarding the personnel hiring decision, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
| C05760151 | Email | 3 | 11/2-11/4/2009 | DOS officials | RIP | (b)(5) DPP |
| DESCRIPTION: The Department withheld information about potential jobs in the administration for a candidate and deliberations over the personnel requests made. The Department withheld the job candidate's identity, as well as details about her employment interests and discussion related to her suitability. The Department withheld portions of this document under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which is pre-decisional and deliberative with respect to a final decision on personnel appointments, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
| C05760567 | Email | 1 | 3/20/2009 | DOS, White House officials | RIP | (b)(5) DPP |
| DESCRIPTION: The Department withheld discussion of a candidate for a personnel appointment in the Department, including evaluations of the candidate and follow up questions for the candidate. The Department withheld portions of this document under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which is pre-decisional and deliberative with regard to the final selection of the personnel decisions, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released. | | | | | | |
| C05767594 | Email | 1 | 1/8-1/9/2010 | DOS officials | RIP | (b)(5) DPP |
| DESCRIPTION: The Department withheld discussion of personnel decisions, including the identity of a candidate for a personnel appointment and recommendations regarding the candidate's suitability and qualifications. The Department withheld portions of this document under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which is pre-decisional and deliberative with respect to a final decision on the personnel decision, could | | | | | | |

reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05771318 | Email | 1 | 11/17/2010 | DOS, NSC officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** This document is an email exchange reflecting deliberations about a potential interaction with a foreign government. The document includes a discussion of recommended comments to proposed language and responses to those suggestions. The Department withheld portions of this document under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which is pre-decisional and deliberative with respect to a final decision on the actions to be taken, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05775115 | Email | 1 | 9/26/2010 | DOS, NSC officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** This document is an email exchange reflecting deliberations on how to approach a foreign leader, including recommend positions to assert in those discussions. The Department withheld portions of this document under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which contains the author's personal opinions and preliminary thoughts concerning how to approach the foreign leader, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05790432 | Email | 1 | 5/29/2012 | DOS, OVP officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|
| C05797634 | Email | 1 | 5/29-5/30/2012 | | | RIP | |

**DESCRIPTION:** Document C05790432 is subsumed in Document C05797634. The documents are email exchanges regarding a proposed travel schedule, U.S. participation at a major conference overseas, and a discussion of potential attendees. In Document C05797634, the Department also withheld recommended options from Secretary Clinton about how to proceed. The Department withheld portions of these documents under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which is pre-decisional and deliberative, would reveal preliminary thoughts and opinions regarding U.S. participation and could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the documents and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

*Judicial Watch v. Dep't of State*
15-cv-687
*Vaughn* Index

| C05760316 | Email | 2 | 11/12-11/13/2009 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld deliberations on administrative and personnel matters, including potential appointments in the Department. The withheld information includes the identities of job candidates, as well as information and evaluation about a candidate's background, suitability, and potential appointment options. The Department withheld portions of this document under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which is pre-decisional and deliberative with respect to a final decision on personnel appointments, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05761280 | Email | 1 | 4/20/2009 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld deliberations on administrative and personnel matters, including potential appointments in the Department. The withheld information includes the identities of job candidates, as well as information and evaluations of their background and suitability. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which is pre-decisional and deliberative with respect to a final decision on personnel appointments, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05759521 | Email | 2 | 9/2-9/3/2009 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** This document is an email exchange regarding the use of a 'fast reporting team' on contractor options and on how to constitute other study panels to evaluate contractors' overseas performance. The document contains recommendations and assessments of potential subjects for review and analysis. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which contains the authors' personal opinions and preliminary thoughts concerning the purpose and constitution of the proposed fast reporting team, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05767445 | Email | 1 | 2/26/2010 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** This document is an email exchange discussing an unfolding situation in a European country and advising on next steps for the Secretary to take. The Department withheld portions of this document under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which contains the authors' personal opinions and preliminary thoughts concerning the proposed next steps, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of

*Judicial Watch v. Dep't of State*
15-cv-687
*Vaughn* Index

this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05767626 | Email | 1 | | 1/09/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** This document is an email exchange providing a status report on deliberations that occurred during an interagency meeting regarding an international strategy. It summarizes various recommendations, assessments, and suggestions offered by participants at the meeting. The Department withheld portions of this document under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which contains the author's personal opinions and preliminary thoughts regarding the issues discussed at the meeting, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, nonexempt information that may be reasonably segregated and released.

| C05775286 | Email | 2 | | 3/27/2010 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** This document is an email exchange containing internal deliberations regarding two draft statements on a foreign policy issue, including recommend edits by Secretary Clinton and suggestions for further review by other Department officials. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which is pre-decisional and deliberative, would reveal the preliminary thoughts and opinions relating to the draft statements and could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C05782901 | Email | 1 | | 10/11/2011 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of deliberations on Department budget issues, including a recommended course of action on a specific budget matter. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which is pre-decisional and deliberative, would reveal details of the Department employee's preliminary thoughts and opinions regarding the budget issues and could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859775 | Email | 2 | | 12/17/2009 | DOS officials | | RIP | (b)(5) (DPP) |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld points prepared by a subordinate Department official to prepare Secretary Clinton for a possible meeting. The withheld information includes the target goals of the meeting for the U.S. Government, potential compromise positions, assessments of foreign governments' positions, and

selected facts provided to prepare the Secretary. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which contains the opinions, recommendations, and selected facts, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859782 | Email | 1 | 1/23/2012 | DOS officials; Tony Blair | RIP | (b)(1), 1.4(b), (d) |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a readout and analysis of countries' positions on a sensitive foreign policy matter involving the Middle East, including foreign government information from one government. The Department withheld this information under Exemption 1 pursuant to E.O. 13526 Sections 1.4(b) and (d), which pertain to foreign government information and foreign relations or foreign activities of the United States, including confidential sources. On January 8, 2020, in accordance with the requirements of Section 1.7(d) of E.O. 13526, the Department classified portions of the documents that were originally UNCLASSIFIED as CONFIDENTIAL. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859790 | Email | 3 | 8/30/2011 | DOS officials | RIP | (b)(1), 1.4(d); (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of a potential meeting with a foreign government official. The withheld information reflects a Department employee's assessment of a foreign government official and an upcoming event involving a sensitive matter, as well as Department employees' recommendations, analysis, opinions, and input regarding a potential upcoming meeting and associated policy in a sensitive region.  The Department withheld the Department employee's assessment under Exemption 1 pursuant to E.O. 13526 Section 1.4(d), which pertain to foreign relations or foreign activities of the United States, including confidential sources. On January 8, 2020, in accordance with the requirements of Section 1.7(d) of E.O. 13526, the Department classified portions of the documents that were originally UNCLASSIFIED as CONFIDENTIAL. The Department withheld the Department employees' recommendations, analysis, opinions, and input under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to the U.S. Government's actions concerning a potential meeting and associated policy, and release of this information would chill the exchange of information necessary to informing the Executive Branch's decisions about appropriate action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859804 | Email | 3 | 8/30-8/31/2011 | DOS officials | RIP | (b)(7)(E) |
|---|---|---|---|---|---|---|

**DESCRIPTION:** This document is an email exchange. The Department withheld two lines of internet routing metadata at the bottom of the email that was added by the FBI during the course of its investigation under Exemption 7(E). Release of this information could provide malicious actors with insight into how to circumvent Department computer network security. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859815 | Email | 3 | 8/30/2011 | DOS officials, private individual | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** This document is an email exchange consisting of a memorandum prepared by a private individual and the Secretary's intra-Department response. The Department withheld the Secretary's response, including her recommendation regarding topics to be raised with foreign officials and a follow-up question. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which contains the Secretary's recommendation and question, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859820 | Email | 4 | 11/4/2012 | DOS officials | RIP | (b)(7)(E) |
|---|---|---|---|---|---|---|

**DESCRIPTION:** This document is an email transmitting a daily schedule for the Secretary. The Department withheld two lines of internet routing metadata at the bottom of the email that was added by the FBI during the course of its investigation under Exemption 7(E). Release of this information could provide malicious actors with insight into how to circumvent Department computer network security. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859830 | Email | 2 | 11/5-11/7/2012 | DOS officials | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld Department officials' responses, including questions, opinions, and recommendations, on a draft document pertaining to global health policy. The email contains recommendations regarding procurement and funding for global health policy as well as recommended strategies for improving global health policy. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which contains the authors' opinions and recommendations on a draft strategy document, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859844 | Email | 5 | 2/17-2/18/2009 | DOS officials; private individual | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld an individual's recommendations to Secretary Clinton regarding an upcoming trip to Egypt, which Secretary Clinton had solicited. The recommendations include proposals regarding foreign policy strategy and suggested points to raise with foreign officials. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege, including via the consultant corollary. The information is pre-decisional and deliberative with respect to the preparation for the Secretary's trip to Egypt and her decisions regarding whether and how to engage with foreign officials about various foreign policy issues. Release of this material could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials and their selected advisers are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859741 | Email | 1 | | 8/28/2011 | DOS officials | | RIP | (b)(5) DPP, Presidential Communications Privilege ("PCP"); (b)(7)(E) |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld officials' recommendations regarding Secretary Clinton's proposed communications with foreign leaders concerning foreign policy issues in Mexico. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which contains recommendations regarding diplomatic communications, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out executive branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. In addition, the Department withheld the subject of an interagency meeting under Exemption 5 pursuant to the presidential communications privilege because it reflects information about advice provided to the President from close advisers. The Department also withheld two lines of internet routing metadata at the bottom of the email that was added by the FBI during the course of its investigation under Exemption 7(E). Release of this information could provide malicious actors with insight into how to circumvent Department computer network security. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859763 | Email | 2 | | 8/31/2011 | DOS officials | | RIP | (b)(1), 1.4(b), (d); (b)(5) DPP |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld discussion of a forthcoming international meeting regarding the Middle East. The withheld information reflects the identities of foreign government officials, the positions of foreign governments on an ongoing matter, a readout of a meeting with a foreign government official on a sensitive matter, and Department officials' recommendations and input regarding potential follow-up action. The Department withheld certain information under Exemption 1 pursuant to E.O. 13526 Sections 1.4(b) and (d), which pertain to foreign government information and foreign relations or foreign activities of the United States, including confidential sources. On January 8, 2020, in accordance with the requirements of Section 1.7(d) of E.O. 13526, the Department classified portions of the documents that were originally UNCLASSIFIED as CONFIDENTIAL. The Department also withheld the Department officials' recommendations and input under Exemption 5 pursuant to the deliberative process privilege. This information is pre-decisional and deliberative with respect to the U.S. Government's actions concerning a sensitive issue and release of this information would chill the exchange of information necessary to informing the Executive Branch's decisions about appropriate action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859787 | Email | 3 | | 8/30/2011 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld an official's recommendations regarding Department and inter-agency policy regarding women's issues and suggested strategies to pursue. The email also contains recommended strategies during engagements with foreign governments on women's issues. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which contains recommendations regarding diplomatic communications, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible

government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859797 | Email | 4 | 8/28-8/29/2011 | DOS officials | | RIP | (b)(5) PCP; (b)(7)(E) |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld details about a forthcoming interagency meeting to be attended by the President, including details about planned participants and the subject matter of the meeting, under Exemption 5 pursuant to the presidential communications privilege. This information reflects information about the advice provided to the President from close advisers, as well as the process by which the President receives that advice.  The Department also withheld two lines of internet routing metadata at the bottom of the email that was added by the FBI during the course of its investigation under Exemption 7(E). Release of this information could provide malicious actors with insight into how to circumvent Department computer network security.  The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859802 | Email | 1 | 6/14/2009 | DOS officials | | RIP | (b)(5) DPP |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** The Department withheld a recommendation for a proposed talking point for potential use by Secretary Clinton concerning Iran and a description of the process by which that talking point was developed. The Department also withheld a Department official's recommendation about messaging pertaining to Iran. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which contains a proposal and a recommendation regarding a sensitive matter, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859819 | Email | 5 | 11/1/2012 | DOS officials | | RIP | (b)(7)(E) |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:** This document is an email transmitting a daily schedule for the Secretary. The Department withheld two lines internet routing metadata at the bottom of the email that was added by the FBI during the course of its investigation under Exemption 7(E). Release of this information could provide malicious actors with insight into how to circumvent Department computer network security. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859851 | Email | 4 | 8/29/2011 | DOS officials | | RIP | (b)(5) DPP, PCP; (b)(7)(E) |
|---|---|---|---|---|---|---|---|

**DESCRIPTION:**  The Department withheld the subject of a phone call between the President and the Secretary, as well as proposed talking points for potential use during the call.  The talking points contain recommendations regarding specific actions the United States Government should undertake.  The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege and the presidential communications privilege. Release of this material, which contains proposed talking points, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of

49

recommendations and judgments regarding a preferred course of action.  In addition, the withheld information reflects advice to be provided by a close adviser to the President regarding a sensitive matter.  The Department also withheld two lines of internet routing metadata at the bottom of the email that was added by the FBI during the course of its investigation under Exemption 7(E). Release of this information could provide malicious actors with insight into how to circumvent Department computer network security. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859861 | Email | 3 | 8/28-8/29/2011 | DOS officials | | RIP | (b)(5) DPP; (b)(7)(E) |
|-----------|-------|---|----------------|---------------|---|-----|-----------------------|

**DESCRIPTION:** The Department withheld a Department official's analysis, opinion, and recommendations about a forthcoming international meeting, as well as facts provided to inform U.S. Government decision-making about the meeting. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which contains analysis, input, and facts provided to inform a decision-making process, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out executive branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department also withheld two lines of internet routing metadata at the bottom of the email that was added by the FBI during the course of its investigation under Exemption 7(E). Release of this information could provide malicious actors with insight into how to circumvent Department computer network security. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.

| C06859865 | Email | 9 | 8/31-9/1/2011 | DOS officials, foreign government official | | RIP | b)(5) DPP, (b)(7)(E) |
|-----------|-------|---|---------------|-------------------------------------------|---|-----|----------------------|

**DESCRIPTION:** The Department withheld a proposed response to a foreign government regarding an ongoing financial matter, as well as information about possible alternative options and details about potential next steps. The Department withheld this information under Exemption 5 pursuant to the deliberative process privilege. Release of this material, which contains proposals, alternatives, and details about the deliberative process, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when U.S. Government officials are developing a strategy for official action. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out Executive Branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. The Department also withheld two lines of internet routing metadata at the bottom of the email that was added by the FBI during the course of its investigation under Exemption 7(E). Release of this information could provide malicious actors with insight into how to circumvent Department computer network security. The Department conducted a thorough review of the document and determined that there is no additional meaningful, non-exempt information that may be reasonably segregated and released.



March 4, 2015

## VIA CERTIFIED MAIL & FACSIMILE

Office of Information Programs and Services
A/GIS/IPS/RL
U. S. Department of State
Washington, D. C. 20522-8100
FAX (202) 261-8579

### Re: Freedom of Information Act Request

Dear Freedom of Information Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Judicial Watch, Inc. hereby requests that the U.S. Department of State produce the following within twenty (20) business days:

**Any and all emails sent or received by former Secretary of State Hillary Rodham Clinton in her official capacity as Secretary of State during her tenure as Secretary of State.**

**The timeframe for this request is February 2, 2009 to January 31, 2013.**

We call your attention to President Obama's January 21, 2009 Memorandum concerning the Freedom of Information Act, in which he states:

> All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA... The presumption of disclosure should be applied to all decisions involving FOIA.[1]

The memo further provides that "The Freedom of Information Act should be administered with a clear presumption: In the case of doubt, openness prevails."

Nevertheless, if any responsive record or portion thereof is claimed to be exempt from production under FOIA, please provide sufficient identifying information with

---

[1] Freedom of Information Act. Pres. Mem. of January 21, 2009, 74 Fed. Reg. 4683.

Stein Declaration
Civil Action No. 15-cv-00687
Exhibit 2

respect to each allegedly exempt record or portion thereof to allow us to assess the propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In addition, any reasonably segregable portion of a responsive record must be provided, after redaction of any allegedly exempt material. 5 U.S.C. § 552(b).

For purposes of this request, the term "record" shall mean: (1) any written, printed, or typed material of any kind, including without limitation all correspondence, memoranda, notes, messages, letters, cards, facsimiles, papers, forms, telephone messages, diaries, schedules, calendars, chronological data, minutes, books, reports, charts, lists, ledgers, invoices, worksheets, receipts, returns, computer printouts, printed matter, prospectuses, statements, checks, statistics, surveys, affidavits, contracts, agreements, transcripts, magazine or newspaper articles, or press releases; (2) any electronically, magnetically, or mechanically stored material of any kind, including without limitation all electronic mail or e-mail; (3) any audio, aural, visual, or video records, recordings, or representations of any kind; (4) any graphic materials and data compilations from which information can be obtained; and (5) any materials using other means of preserving thought or expression.

Judicial Watch also hereby requests a waiver of both search and duplication fees pursuant to 5 U.S.C. §§ 552(a)(4)(A)(ii)(II) and (a)(4)(A)(iii). Judicial Watch is entitled to a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because it is a member of the news media. *Cf. National Security Archive v. Department of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)(defining news media within FOIA context). Judicial Watch has also been recognized as a member of the news media in other FOIA litigation. *See, e.g., Judicial Watch, Inc. v. U.S. Department of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000); and, *Judicial Watch, Inc. v. Department of Defense*, 2006 U.S. Dist. LEXIS 44003, *1 (D.D.C. June 28, 2006). Judicial Watch regularly obtains information about the operations and activities of government through FOIA and other means, uses its editorial skills to turn this information into distinct works, and publishes and disseminates these works to the public. It intends to do likewise with the records it receives in response to this request.

Judicial Watch also is entitled to a complete waiver of both search fees and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Under this provision, records:

> shall be furnished without any charge or at a charge
> reduced below the fees established under clause (ii) if
> disclosure of the information is in the public interest
> because it is likely to contribute significantly to public
> understanding of the operations or activities of government
> and is not primarily in the commercial interest of the
> requester.

5 U.S.C. § 552(a)(4)(A)(iii).

Department of State
March 4, 2015
Page 3 of 4

In addition, if records are not produced within twenty (20) business days, Judicial Watch is entitled to a complete waiver of search and duplication fees under Section 6(b) of the OPEN Government Act of 2007, which amended FOIA at 5 U.S.C. § (a)(4)(A)(viii).

Judicial Watch is a 501(c)(3), not-for-profit, educational organization, and, by definition, it has no commercial purpose. Judicial Watch exists to educate the public about the operations and activities of government, as well as to increase public understanding about the importance of ethics and the rule of law in government. The particular records requested herein are sought as part of Judicial Watch's ongoing efforts to document the operations and activities of the federal government and to educate the public about these operations and activities. Once Judicial Watch obtains the requested records, it intends to analyze them and disseminate the results of its analysis, as well as the records themselves, as a special written report. Judicial Watch will also educate the public via radio programs, Judicial Watch's website, and/or newsletter, among other outlets. It also will make the records available to other members of the media or researchers upon request. Judicial Watch has a proven ability to disseminate information obtained through FOIA to the public, as demonstrated by its long-standing and continuing public outreach efforts.

Given these circumstances, Judicial Watch is entitled to a public interest fee waiver of both search costs and duplication costs. Nonetheless, in the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch is willing to pay up to $350.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

In an effort to facilitate record production within the statutory time limit, Judicial Watch is willing to accept documents in electronic format (e.g. e-mail, .pdfs). When necessary, Judicial Watch will also accept the "rolling production" of documents.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5172 or kbailey@judicialwatch.org. We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days. Thank you for your cooperation.

Sincerely,

Kate Bailey
Judicial Watch



United States Department of State

*Washington, D.C. 20520*

APR 02 2015

Dear Requester,

RE: _Any/all emails sent or received by former Secretary Clinton during her tenure_

This is in response to your request dated ___3/4/2015___. We have assigned Case Control Number ___F-2015-05056___ and will begin the processing of your request based upon the information provided in your communication.

Given the considerable public interest generally in the e-mails provided by former Secretary Clinton to the Department of State, the Department plans to review the collection for public release and to make the documents available to the public by posting them on a Department website. This will make the maximum number of records available in the shortest amount of time, and will be considerably more efficient than reviewing the documents piecemeal in response to subject-specific FOIA requests.

Once the collection has been posted, the Department will review your request to determine whether further action is needed.

The cut-off date is the date the search is initiated unless you have provided a specific timeframe.

Unusual circumstances (including the number and location of Department components involved in responding to your request, the volume of requested records, etc.) may arise that would require additional time to process your request.

We will notify you as soon as responsive material has been retrieved and reviewed.

Should you have any questions, you may call our FOIA Requester Service Center at (202) 261-8484 or send an email to FOIAstatus@state.gov. Please refer to the Case Control Number in any communication.

Sincerely,

Requester Communications Branch
Office of Information Programs & Services

Stein Declaration
Civil Action No. 15-cv-00687
Exhibit 3

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

## Fee Waiver

Your request for a fee waiver has been granted; therefore, your request will be processed at no charge to you.

**UNDER SECRETARY OF STATE**

**FOR MANAGEMENT**

**WASHINGTON**

NOV 1 2 2014

Dear Ms. Mills:

The Department of State has a longstanding and continuing commitment to preserving the history of U.S. diplomacy, established in authorities under the Federal Records Act of 1950.  I am writing to you, the representative of Secretary of State Hillary Clinton, as well as to representatives of other former Secretaries (principals), to request your assistance in further meeting this requirement.

The Federal Records Act of 1950, as amended, 44 U.S.C. chapters 29, 31 and 33, seeks to ensure the preservation of an authoritative record of official correspondence, communications, and documentation.  Last year, in *Bulletin 2013-03*, the National Archives and Records Administration (NARA) clarified records management responsibilities regarding the use of personal email accounts for official government business.  NARA recommended that agencies refer to its guidance when advising incoming and departing agency employees about their records management responsibilities.  This bulletin was followed by additional NARA guidance on managing email issued on September 15, 2014.  See enclosed.

We recognize that some period of time has passed since your principal served as Secretary of State and that the NARA guidance post-dates that service. Nevertheless, we bring the NARA guidance to your attention in order to ensure that the Department's records are as complete as possible.  Accordingly, we ask that should your principal or his or her authorized representative be aware or become aware in the future of a federal record, such as an email sent or received on a personal email account while serving as Secretary of State, that a copy of this record be made available to the Department.  In this regard, please note that diverse Department records are subject to various disposition schedules, with most

Enclosures - 3

Ms. Cheryl Mills,
    1361 Locus Road NW,
        Washington, DC  20012.

Stein Declaration
Civil Action No. 15-cv-00687
Exhibit 4

-2-

Secretary of State records retained permanently. We ask that a record be provided to the Department if there is reason to believe that it may not otherwise be preserved in the Department's recordkeeping system.

The Department is willing to provide assistance to you in this effort.  In the meantime, should you have any questions regarding this request, please do not hesitate to contact William Fischer, A/GIS/IPS/RA, Agency Records Officer, at (202) 261-8369.

We greatly appreciate your consideration of and assistance with this matter.

Sincerely,

Patrick F. Kennedy

LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

DAVID E. KENDALL
(202) 434-5145
dkendall@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 12, 2015

**BY EMAIL**

Mr. Patrick F. Kennedy
Under Secretary of State for Management
United States Department of State
2201 C Street NW
Washington, DC 20520-6421

Dear Mr. Kennedy:

This will respond to the inquiry in your August 10, 2015, letter to me. As you know, I am personal counsel for former Secretary Hillary Clinton and am able to make the following representations about document preservation.

While we do not know what documents may be relevant to the pending law suit, Secretary Clinton directed that all her emails in her custody on clintonemail.com be reviewed in late 2014 by her counsel. All emails that were or potentially were federal records, which totaled 30,490 emails printed to approximately 55,000 pages, were provided to the State Department on December 5, 2014 in hard copy. This production was over-inclusive, since the Department has advised us that at least 1246 of the emails we submitted were not, in fact, federal records.

I have assured the Chairman of the House Select Committee on Benghazi (on March 6, 2015) and the Inspectors General of the Department and of the Intelligence Community (on June 1, 2015, and June 24, 2015) that we would preserve federal record emails in our custody and will do so in the future. I repeat that assurance now.

Recently, the State Department has retrospectively classified some of the 55,000 pages, all of which had previously been unclassified.

WILLIAMS & CONNOLLY LLP

Mr. Patrick F. Kennedy
August 12, 2015
Page 2

As a result, we have voluntarily provided to the Department of Justice on August 6, 2015, the .pst file containing electronic copies of the 55,000 pages of emails on a thumb drive (along with two copies), which had been securely stored in my possession, after receiving from the Department of Justice an assurance that it would maintain this file in an appropriately secure manner and the Department's opinion that such maintenance would satisfy any preservation obligations I am under. Similarly, Platte River Networks is today providing to the Department of Justice the server and related equipment on which emails to and from Secretary Clinton's clintonemail.com were stored from 2009 to 2013 and which PRN took possession of in 2013. This is following the Department of Justice's assurances to us and counsel for PRN that it would maintain the server equipment in an appropriately secure manner. The Department also gave counsel its opinion that such maintenance would satisfy any preservation obligations we have.

Sincerely,

David E. Kendall

DEK/bb



NATIONAL
ARCHIVES

MAY 0 6 2015

Margaret P. Grafeld
Deputy Assistant Secretary for Global Information Services
Bureau of Administration
U.S. Department of State
SA-2, Suite 8000
515 22nd Street, NW
Washington, DC 20522-0208

Dear Ms. Grafeld:

At your request, per 44 U.S.C. 3301(b), the National Archives and Records Administration
(NARA) has undertaken and completed a detailed review of the email correspondence of former
Secretary of State Hillary Clinton that the Department identified as personal materials not
meeting the statutory definition of a Federal record. This review was conducted by myself and
another senior NARA staff member on April 24 and 28, 2015, at your offices in Washington,
DC.

NARA's review was completed according to a methodology approved by NARA's General
Counsel on April 22, 2015 (Enclosed). Using these guidelines, NARA reviewed each of the
1,246 hard copy versions of emails sent or received by former Secretary Clinton that the
Department identified as personal. The goal of this review was to validate that the Department
correctly applied Federal statutes, regulations, and guidelines in identifying the personal
correspondence of the former Secretary.

Based on our review, NARA concurs with the Department's determination that these 1,246
emails are personal in nature and do not meet the definition of a record as defined in the Federal
Records Act, as amended (44 U.S.C. 3301).

NATIONAL ARCHIVES and
RECORDS ADMINISTRATION

8601 ADELPHI ROAD
COLLEGE PARK, MD 20740-6001
www.archives.gov

Stein Declaration
Civil Action No. 15-cv-00687
Exhibit 6

We look forward to working with you on other pending issues related to the management and disposition of the former Secretary's email correspondence.

Sincerely,

PAUL M. WESTER, JR.
Chief Records Officer
for the U.S. Government

Enclosure

**UNDER SECRETARY OF STATE**

**FOR MANAGEMENT**

**WASHINGTON**

JUL − 8 2016

Dear Mr. Director,

On September 14, 2015, I requested, to the extent the FBI recovers any potential federal records that may have existed on a server used by former Secretary Clinton for her personal email accounts, that the FBI apprise the Department of State insofar as such records correspond with former Secretary Clinton's tenure at the Department. On July 5, 2016, you stated during a press conference that the:

FBI also discovered several thousand work-related e-mails that were not in the group of 30,000 that were returned by Secretary Clinton to State in 2014. We found those additional e-mails in a variety of ways. Some had been deleted over the years and we found traces of them on devices that supported or were connected to the private e-mail domain. Others we found by reviewing the archived government e-mail accounts of people who had been government employees at the same time as Secretary Clinton, including high-ranking officials at other agencies.

Consistent with my September 14, 2015 letter, to the extent that the FBI has recovered former Secretary Clinton's work-related e-mails that were not in the group of e-mails that she provided to the Department of State in December 2014, we ask that the FBI provide such e-mails to the Department and, if possible, in an electronic format.

We thank you in advance for your attention to this matter.

Sincerely,

Patrick F. Kennedy

cc:    Mr. James A. Baker, FBI/OGC
       Mr. Gary Stern, NARA/OGC

The Honorable
      James B. Comey,
            Federal Bureau of Investigation,
                  935 Pennsylvania Avenue, N.W.,
                        Washington, D.C. 20535.

Stein Declaration
Civil Action No. 15-cv-00687
Exhibit 7



**U.S. Department of Justice**

Federal Bureau of Investigation

July 12, 2016

Brian J. Egan, Esq.
U.S. Department of State
2201 C Street, NW
Washington, DC 20520

Dear Mr. Egan:

I am writing to respond to Under Secretary Patrick F. Kennedy's July 9, 2016 letter to FBI Director Comey and to further update my response to the Department of State's letter dated September 2, 2015 regarding the FOIA case, *Judicial Watch v. Department of State* (D.D.C. No. 13-cv-1363), and the Department of State's request for information pursuant to the Court's order of August 20, 2015. As announced by the Department of Justice and FBI last week, the FBI is concluding the investigation referenced in my February 2, 2016 letter.

During the course of the investigation, the FBI obtained certain information that may include agency records of the Department of State. In accordance with our policies and procedures, the FBI will be providing this information to your Department for review and determination of record status pursuant to the Federal Records Act and subsequent FOIA processing as appropriate.

Sincerely,

James A. Baker
General Counsel

Stein Declaration
Civil Action No. 15-cv-00687
Exhibit 8